## Daniel H. Yeiser vs. Heman Ward — Error from Brazoria County.

In an action for work and labor, the plaintiff (a carpenter) charged his work by the day, and proved his skill as a workman, and the customary price paid for carpenter's work by the day; under such circumstances, it was error to reject testimony offered by the defendant to show that from the plaintiff's habits, respecting his industry, his work was not worth as much per day as other carpenters.

This suit was brought by the defendant in error against the plaintiff in error to recover the value of work alleged to have been done by the former as a carpenter for the latter. The account, which is appended to the petition, charges the work by the day, at so much per day. At the trial, the plaintiff below proved his skill as a workman by another carpenter, and the price usually paid to good carpenters for their work, by the day. In the examination of a witness introduced by the defendant below (not a carpenter), and who had testified that he had frequently seen the plaintiff while at work for the defendant, he was asked, in substance, what estimate he would place upon the plaintiff's services, from his observation of the manner in which he worked? The question was objected to, on the ground that the witness was not an *expert*, and the objection was sustained by the court. The defendant then offered to prove by another witness (a carpenter) for whom the plaint-

iff had worked for a short time on a former occasion, his estimate of the value of his services per day, judging from the way he worked while with him. This was also objected to, on the ground that the witness could not judge of the value of the services rendered to the defendant, merely from the knowledge he had of the way in which the plaintiff worked for a few days on a previous occasion, and the objection was sustained. The defendant excepted to the decision of the court sustaining these objections. The plaintiff below had a verdict and judgment, to reverse which the defendant sued out this writ of error.

T. ROBINSON and CRITTENDEN for plaintiff in error.

HARRIS for defendant in error.

Mr. Justice LIPSCOMB delivered the opinion of the court.

In this case the plaintiff in error asks to reverse the judgment on two grounds:

1st. That the court below erred in excluding the evidence offered by the defendant below, as stated in the first bill of exceptions; and

2d. That the court erred in excluding the testimony offered in the second bill of exceptions.

The first presents the following facts: That in the course of the examination of John W. Brooks, as to the work done by the plaintiff below for the defendant, and after he had testified to having seen him frequently at work for the defendant, the following question was asked the witness by the defendant: " From the opportunity you have had of forming an opinion, and from your observation of the manner in which the plaintiff worked for the defendant, what estimate would you place upon the value of the plaintiff's services?" which question was objected to by the plaintiff's counsel, and the objection sustained by the court. The bill of exceptions shows that Mr. Brooks was not a carpenter.

The following facts are presented by the second bill of exceptions: The defendant introduced Mr. Ballowe as a witness,

who testified that he was a carpenter by trade, and that he had had the plaintiff in his employ about eight days. The defendant then asked the witness, "Judging from the manner in which the plaintiff worked while in your employment, what would you esteem the value of the plaintiff's services per day?" To which question the plaintiff's counsel objected, and the objection was sustained by the court.

The two objections will be considered together. It must be borne in mind that a per diem was the charge sued for, and the value for the services per day was the essential fact to be established by proof before the jury. There was no agreement between the parties settling this fact. Had it been an inquiry as to the value of the work, it might have been well objected that the evidence was not the best the nature of the case would admit; and that the evidence of experts would have been better, and secondary not admissible, unless not possible to procure the better. But the question was not to be determined either by the manner in which the work had been done, nor the capacity of the workman to dispatch work fast, if so minded, but upon his habits of industry. In this view, it seems there ought to have been no objection to the admissibility of the question propounded to Mr. Brooks. He had seen the plaintiff often when engaged in this very work for which he was suing; the weight or conclusive character of his testimony rested with the jury. The evidence of Mr. Ballowe seems to have been of the same character, but not entitled to the same weight, because he was not so capable of judging, from his short acquaintance with the habits of the plaintiff; yet it was competent, and ought to have been admitted. The judgment must be reversed, and the cause remanded.