J. VAN RATCLIFF ET AL. V. DENNIS CALL ET AL.

No. 2437.

1. **Venue—Injunction—Statute Construed.**—Subdivision 15 of article 1198, Revised Statutes, providing "Where suit is brought to enjoin the execution of a judgment, etc., the suit shall be brought in the county in which such judgment was rendered;" and article 2880, "Writs of injunction granted to stay, etc., execution on a judgment shall be returnable to * * * the county where such judgment was rendered," apply to injunctions restraining the execution of the judgments, and not to an injunction restraining the sale of property claimed to be exempt from execution.

2. **Same.**—An injunction to restrain the sale of land exempt as homestead may be granted and heard in the county in which the land is situated.

3. **Equity.**—The petition alleged that complainants had bought the land while it was the homestead of the defendant against whom the judgment lien was about to be enforced; that it was bought for the purpose of sale; that if sold under the execution its market value would be injured, and that the parties seeking to enforce the sale are insolvent. *Held,* the allegations contained sufficient ground for injunction.

4. **Homestead.**—A judgment was duly recorded May 17, 1883. It appeared that active preparations were made and the intention expressed to occupy and use the property as a homestead by the defendant in the execution as early as December, 1882, or January, 1883, which was followed up by an actual residence upon and use of it as a homestead in connection with his business from June, 1883, until his sale of it in January, 1886. *Held,* that such sale was not subject to the judgment lien.

APPEAL from Orange.   Tried below before Hon. Wm. Chambers, special district judge.

The case is given in the opinion.

*Douglass, Lanier & Bullitt* and *S. Chenault,* for appellants.— 1. The injunction should have been returned to and tried in the District Court of Travis County.   Rev. Stats., arts. 1197, 2880; Ches. O. & S. W. Ry. Co. v. Reasor, 1 S. W. Rep., 599.

2.   The petition shows no equity that would authorize an injunction; besides, complainants had a complete remedy at law. Carlin v. Hudson, 12 Texas, 202; Whitman v. Willis, 51 Texas, 429; Spencer v. Rosenthall, 58 Texas, 4.

3.   The use of property as a homestead must coexist with the intention that it shall be the home to invest it with the homestead character. Fort v. Powell, 59 Texas, 321; Andrews v. Hagadon, 54 Texas, 571.

4.   A judgment lien takes precedence of a subsequently acquired homestead right.   Gage v. Neblett, 57 Texas, 374.

*Scott & Levi,* for appellees. — 1. The suit being to restrain the execution sale of property claimed by appellees, who were not parties to the judgment upon which the execution issued, was not a suit to enjoin or to stay the execution of the judgment within the meaning of the law requiring suits of the latter description to be tried in the court where such judgment was rendered; and the court below did not err in refusing to dissolve the injunction issued in this cause because of the alleged want of jurisdiction. Rev. Stats., arts. 1198, 2880; Winnie v. Grayson, 3 Texas, 429.

2. Appellants claimed and proved that they owned the property levied on, that it was not subject to said levy, and that a sale under it would cloud their title, and so presented equities sufficient in law to justify the relief as asked by injunction, and the conclusion of the court below to that effect was correct.

3. Property is protected while in course of preparation if bona fide intended for homestead purposes and subsequently and promptly occupied as such. Franklin v. Coffee, 18 Texas, 417; Anderson v. McKay, 30 Texas, 190; Moreland v. Barnhart, 44 Texas, 280; Gardner v. Douglass, 64 Texas, 76; Ruhl v. Kauffman & Runge, 65 Texas, 734; Jacobs v. Hawkins, 63 Texas, 1; Brooks v. Chatham, 57 Texas, 33.

Purchaser of homestead not affected by creditors' claims. Scheuber v. Ballow, 64 Texas, 166; Cox v. Shropshire, 26 Texas, 551; Beard v. Blum, 64 Texas, 59.

Injunction proper remedy. Gardner v. Douglass, *supra;* County of Anderson v. Kennedy 58 Texas, 621.

Hobby, Judge.—A judgment was rendered in the District Court of Travis County on the 11th day of May, 1883, against Geo. W. Michael as principal, and J. Van Ratcliff, W. A. Junker, and S. Peveto, sureties, in favor of the State.

On the 17th day of May, 1883, an abstract of this judgment was properly recorded in Orange County where the land which is the subject matter of this appeal was situated. It was provided by the terms of the judgment that in the event of the payment of and application by said sureties of any sum thereto, execution could issue in their behalf against the principal Michael. This contingency having happened, execution was so issued and levied in September, 1887, upon the land and improvements involved in this suit, and the sale of the same thereunder was advertised. The appellees herein, Dennis, George, and Marian Call, applied to the District Court of Orange County for and obtained a writ of injunction to prevent the sale of said property, upon the ground that they had purchased the land and improvements from said Michael in January, 1886, at which time it was the homestead of said Michael and family, and was and had been their homestead prior to the filing of the abstract of said

judgment in Orange County in May, 1883; that they had paid a valuable consideration for said property, and bought it with view to selling the same, and that if sold under said execution its sale by them would be affected injuriously and a cloud cast upon their title. The insolvency of appellants was also alleged. The writ of injunction was perpetuated upon a final trial.

It is assigned as error that the court erred in overruling defendants' motion to dissolve the injunction in said cause because: 1. The District Court of Orange County had no jurisdiction of said cause because the execution which the plaintiffs sought to enjoin issued from the District Court of Travis County, Texas, and should have been heard by said District Court of Travis County, Texas. 2. Because of want of equity in plaintiffs' petition. 3. Because plaintiffs had a complete remedy at law.

The statutes invoked in support of the assignment are articles 1198, subdivision 15, of the Revised Statutes, as follows: "Where suit is brought to enjoin the execution of a judgment, etc., the suit shall be brought in the county in which such judgment was rendered;" and article 2880, "Writs of injunction granted to stay, etc., execution on a judgment shall be returnable to, etc., the court where such judgment was rendered."

There can be no doubt that where the *execution of the judgment* generally is sought to be prevented, or where the writ is granted to stay, that is to stop, the execution of a judgment, the statute is imperative and is susceptible of but one construction—that is that the writ shall be returned or the suit brought in the county where the judgment was rendered.

But the law requiring a suit to "enjoin the execution of a judgment to be brought in the county of its rendition" evidently applies to suits attacking the judgment, questioning its validity, or presenting defenses properly connected with the suit in which it was rendered and which should have been adjudicated therein. It has no application to parties who do not sue to stay or enjoin the execution primarily of the judgment as contemplated by the statute, but who sue to prevent the sale of property alleged to belong to them under a judgment, however valid and regular it may be, to which they are not parties and for the satisfaction of which their property could in no event be subject. Any other construction of the statute would where an execution was levied upon the property of persons not parties to the judgment require such persons to adjudicate their rights to the same in a county not that of their domicil, and thus destroy a valuable privilege. We think there was no error in overruling the motion to dissolve the injunction on the ground that the writ was returnable to the District Court of Travis County. Winnie v. Grayson, 3 Texas, 429.

Nor do we think there was error in overruling the motion to dissolve

the injunction for the want of equity in the petition.    The allegations that plaintiffs purchased the property at a time when it constituted the homestead of Michael and family and was therefore not subject to forced sale, that it was bought for the purpose of selling the same, that its sale under the execution would affect injuriously its market value, and that appellants were insolvent, were sufficient to authorize the relief prayed for.

Appellants insist that the court erred in its conclusion of law and fact to the effect that the property in controversy was the homestead of G. W. Michael and wife at the time that the judgment in favor of defendants against G. W. Michael was rendered, as such conclusion can neither be drawn from the conclusion of facts found by the judge nor from the statement of facts approved by him.

In 1880 and 1881 Michael resided on a lot in the town of Orange which he appears from the evidence to have claimed as the property of Miss Smith, but in which he had an interest.    No assertion of a homestead right is shown to this property other than an indeterminate purpose at some future time, provided it was relieved of litigation, to occupy it as a home.    In 1882 he was engaged in operating a saw mill known as the Gilman mill, in the town of Orange, at which he lived, but his wife resided elsewhere in the town and did not occupy or live at this mill, which was destroyed by fire in November, 1882.

In December, 1882, or January, 1883, he commenced the erection of the steam saw and shingle mill and dwelling for a residence for his family, together with improvements adapted to the operation of this latter mill for the purpose of manufacturing lumber and shingles, in which business he was engaged.    This property was beyond the corporate limits of the town of Orange.    These improvements were in process of erection from December, 1882, or January, 1883, until May or June, 1883, at which last mentioned date he moved to the mill, taking his household effects, and was followed by his wife in August, 1883.    During the time these improvements were being made upon the land Michael and family boarded in the town of Orange, beyond the limits of which the mill was situated.    Michael and wife frequently expressed while improving the property the intention to occupy, and referred to it as their homestead. This was followed by an actual residence upon and appropriation of it as such, in connection with the use of the steam saw and shingle mill by Michael in the manufacture of lumber, up to the conveyance to appellees in January, 1886.    During their residence upon it from May or June, 1883, until its sale Michael on several occasions stated that it was exempt from forced sale because it was his homestead.

There is no evidence of the intention to use or the appropriation of any other property as a homestead which would have entitled it to protection as such.

The facts in the case clearly show the existence of the intention to

dedicate the property in controversy by Michael as a homestead in December, 1882, or January, 1883, coupled with and followed by a prompt occupancy of and residence upon it by himself and family, and brings this case within the rule declaring what evidence of intention and occupancy is sufficient in law to impress upon property the homestead character, as announced in Gardner v. Douglass, 64 Texas, 78, and cases there cited.

The judgment upon which the execution issued was rendered on May 11, 1883, against Michael as principal and appellants as sureties. An abstract thereof was properly filed and recorded in the county of Orange on May 17, 1883. It has been decided in this State upon a careful and thorough examination of the cases involving the question "that a previously acquired judgment lien upon real property can not be subsequently defeated by the voluntary act of the debtor in attempting to make it his homestead." Gage v. Neblett, 57 Texas, 374; Wright v. Straub, 64 Texas, 66.

The abstract of the judgment rendered against Michael, the vendor of appellees, was recorded in the county of Orange on May 17, 1883. It appears however from the evidence that active preparations were made and the intention expressed to occupy and use this property as a homestead as early as December, 1882, or January, 1883, which was followed up by an actual residence upon and use of it as a homestead in connection with his business calling, that of the manufacture of lumber in operating a steam saw and shingle mill.

"Where the purchase is made for the purpose of a homestead with a view to an early occupancy, and this is followed in reasonable time by such occupancy, this may secure the homestead as such from the time of its purchase." "Some time must usually intervene in the preparation of the property for actual occupancy, and the homestead character is not made to depend on the personal presence of the members of the family." Gardner v. Douglass, *supra*. That Michael intended as early as January, 1883, the property to be used as a place of residence for himself and wife in connection with the pursuit of his business is quite evident. That it was so used by them as soon as it was in a condition to be occupied as a residence from about June, 1883, until conveyed to appellee in January, 1886, can not be doubted. If any other homestead was owned by them during this time it is not made to appear by the evidence.

We are of opinion that the evidence abundantly supports the finding by the court that at the time of the filing of the abstract of the judgment against Michael the property was his homestead; that it had been and was so used by him as such up to the sale to the appellees.

There is no error in the judgment and it should be affirmed.

*Affirmed.*

Adopted January 22, 1889.