## Geo. S. Leachman v. Capps and Canty.

### No. 445.—Decided June 15, 1896.

**1. Enjoining Execution Sale—Jurisdiction.**

    The statute (Rev. Stats. 1895, art. 2996), requiring writs of injunction "to stay proceedings in a suit or execution on a judgment" to be returned and tried in the court where such suit is pending, or judgment was rendered, does not apply to injunctions seeking to restrain sale of the homestead of defendant on the ground of exemption. (P. 691.)

**2. Same—Injunction on Several Grounds.**

    Injunction was obtained and suit filed in District Court of Dallas County to prevent sale of plaintiff's land therein under execution upon judgment against him in the District Court of Tarrant County, on the ground that the land was exempt as homestead, and also that the execution was void: and on the hearing it was made perpetual on the latter ground without passing on the question of homestead. It was error for the appellate court to reverse and dismiss for want of jurisdiction in the court below. If the proceeding to enjoin on the ground that the writ of execution was void was required by the statute to be tried in the court in which the judgment was rendered (which question is not passed on), the trial court had still jurisdiction to restrain sale of the homestead, and the case on reversal should have been remanded for trial on that issue. (P. 691.)

Error to Court of Civil Appeals, Fourth District, in an appeal from Dallas County.

*John Bookhout,* for plaintiff in error.

*Harris & Knight,* for defendant in error.

The opinion states the case and no briefs have reached the Reporter.

GAINES, Chief Justice.—This suit was filed by plaintiff in error in the District Court of Dallas County against the defendants in error and the sheriff of that county, to enjoin the sale of certain property of the plaintiff under an execution issued out of the District Court of Tarrant County, upon a judgment rendered in that court in favor of the defendants in error against the plaintiff in error. It was claimed in the petition that the execution was void, because the party whose property the officer was commanded to seize and sell was not named in the writ, and it was also alleged that the real estate levied upon was the homestead of the plaintiff in error, and that he was the head of a family, and that therefore it was not subject to forced sale.

Two exceptions were filed to the petition. The first was as to so much thereof as sought to restrain the sale of the real estate for the reason, as alleged, that it was the homestead of the plaintiff. It was claimed in the exception that, as to that matter, the plaintiff had "an ample remedy at law." The second was upon the ground that the attack upon the execution was collateral, and that it could only be made in the court from which the writ issued. The court, as appears from its judgment, overruled the first exception, but did not pass upon the second, and upon the trial entered a decree enjoining the plaintiffs in execution and the sheriff from selling the property claimed as a homestead.

It is shown, however, by the statement of facts, that during the prog-

1896.]	LEACHMAN v. CAPPS AND CANTY.	691

ress of the trial and after the execution was offered in evidence, the court held it absolutely void and refused to proceed further with the case, although the plaintiff insisted upon his right to show that the real estate levied upon was his homestead. Neither the execution nor the sale of any other property was enjoined. The defendants appealed to the Court of Civil Appeals, where, of its own motion, that court held that the District Court of Dallas County was without jurisdiction to try the cause, and therefore reversed the judgment and dismissed the suit.

We are of the opinion that the Court of Civil Appeals erred in its ruling. If it be conceded that, by reason of the statute which declares that "Writs of injunction granted to stay proceedings in a suit or execution on a judgment shall be returnable to and tried in the court where such suit is pending or such judgment was rendered;" the District Court of Dallas County was deprived of jurisdiction to hear and determine the subject matter of the controversy, in so far as the plaintiff sought to enjoin the execution of the writ, we still think that it would have been error to dismiss the suit. In so far as the plaintiff sought to restrain the sale of the property claimed by him to be the homestead of himself and family, we think the District Court of Dallas County had jurisdiction. Van Ratcliff v. Call, 72 Texas, 491; Seligson v. Collins, 64 Texas, 314; Winnie v. Grayson, 3 Texas, 429. Therefore the court had jurisdiction to try the issue of homestead or not, and hence was not without power to proceed to judgment in the case. If without power to restrain the execution because issued from another court, then an exception to so much of the petition as sought that relief should have been sustained, or the court should on its own motion have declined to try the issue as to the validity of the writ, and should have dismissed so much of the cause. But when a petition states two causes of action, the court is not deprived of jurisdiction over one because it may have no jurisdiction over the other. We conclude therefore that the Court of Civil Appeals should have determined the appeal upon its merits, and that, when they decided that the trial court was without jurisdiction to try the issue upon which the statement of facts shows it was determined, the proper course under their view of the law was to reverse the judgment and remand the cause.

We do not wish, however, to be understood as holding that the District Court was without jurisdiction over the subject matter of the validity of the execution, and that the defendants, by going to trial without insisting upon a ruling upon their exception to the jurisdiction of the court, did not waive their right to have the suit brought in Tarrant County. We do not find it necessary to pass upon that question upon this writ of error.

The judgment of the Court of Civil Appeals is reversed and, since the merits of the appeal have not been passed upon, the cause will be remanded to that court for the determination of the questions there presented.

*Reversed and remanded.*