STATE ex rel. FENN, Relator, v. RILEY, etc., et al., Respondents.

**St. Louis Court of. Appeals, November 18, 1907.**

1. PROHIBITION: Injunction: Merits of Cause. Prohibition will not lie to prohibit a proceeding by injunction, the purpose of which is to prevent a multiplicity of suits, on the ground that the suit for injunction is without merit or the petition demurrable, if the court wherein injunction is sought has jurisdiction to grant such relief.

2. ——: ——: Jurisdiction: Restraining Suit in Another Circuit. But it is beyond the jurisdiction of a circuit court to restrain by injunction the prosecution of a suit at law pending in another circuit, where such injunction relief is the main purpose of the suit, and such a proceeding may be prohibited by writ of prohibition (section 3631, Revised Statutes 1899).

3. ——: ——: ——: Pleading Want of Jurisdiction. The general rule that a proceeding will not be prohibited for lack of jurisdiction in the court entertaining it until the want of jurisdiction is first urged without avail upon that court, is qualified by recent decisions so that it is discretionary with a higher court whether it will prohibit a proceeding in a lower court, whose lack of jurisdiction is apparent on the face of the proceeding, before a plea to the jurisdiction has been made without avail in such lower court.

Original Proceeding by Writ of Prohibition.

WRIT AWARDED.

*Bert F. Fenn* and *John M. Dickson* for relator.

(1) The New Madrid Circuit Court was without jurisdiction to assume cognizance over the subject-matter of the petition for injunction. That petition on its face disclosing that the object of the suit was to restrain defendant Bert Fenn (a) from further prosecuting a certain suit filed by Bert Fenn against Conran in the St. Louis City Circuit Court; and (b) from filing any other suits against Conran in that circuit. R. S. 1899, sec. 3631; Pettus v. Elgin, 11 Mo. 411; Mellier v. Bartlett, 89 Mo. 134;

Scrutchfield v. Sauter, 119 Mo. 615; Davison v. Hough, 165 Mo. 578. (2) No pleas to the jurisdiction in the lower court are required in any case where the petition on its face discloses want of jurisdiction over the person or the subject-matter; nor is such a plea essential when it would have been a useless formality, or where the proceeding is ex parte. State ex rel. v. Hirzel, 137 Mo. 447; State ex rel. v. Aloe, 152 Mo. 489; State ex rel. v. Oliver, 163 Mo. 696; State ex rel. v. Eby, 170 Mo. 497; State ex rel. v. Dearing, 184 Mo. 665; Havermeyer v. Superior Court, 10 L. R. A. (Cal.), 627.

*John A. Hope* for respondent Conran.

(1) The subject-matter of the case was, therefore, within the jurisdiction of the court, for "the prevention of vexatious litigation and a multiplicity of suits constitute a favorite ground for the exercise of the jurisdiction of equity by way of injunction." High on Injunctions, sec. 12. The case comes within a class over which the circuit court has jurisdiction, viz: injunction to restrain vexatious litigation, multiplicity of suits. If the case were here on appeal from a judgment of the circuit court overruling relator's demurrer to the petition, his brief would be appropriate, but in this proceeding it is immaterial whether the petition is perfect or imperfect. It comes within a class of cases over which the court has jurisdiction and that is sufficient. High, Extra Rem., sec. 767a: State ex rel. v. Railway, 100 Mo. 61; Coleman v. Dalton, 71 Mo. App. 14. (2) Prohibition is largely a matter of discretion. Under all the facts in this case the insolent and contemptible discourtesy which relator has shown the circuit court, should bar the relief he now seeks in this court. 16 Ency. Plead. & Prac. p. 1128; High, Extra. Rem., sec. 773; Barnes v. Gottschalk, 3 Mo. App. 111; State ex rel. v. Laughlin, 9 Mo. App. 486; Forsee v. Gates, 89 Mo. App. 584.

GOODE, J.—One of the judges of this court in va-
cation, issued a preliminary writ of prohibition to re-
spondents prohibiting them, and each of them, from
further proceeding or entertaining jurisdiction in a
certain cause pending in the circuit court of New Mad-
rid county, wherein Bert F. Fenn, Robert S. Rutledge,
M. W. Powell, administrator of the estate of Mal H.
Powell, deceased, J. O. More and T. W. Corley, are de-
fendants, and to show cause before this court at the Oc-
tober term why the rule of prohibition should not be
made absolute. The respondents appeared and showed
cause by their several returns to the preliminary writ,
to which the petitioner has filed demurrers. The peti-
tioner Bert F. Fenn, is an attorney residing in the city
of St. Louis. The respondent James V. Conran, is an
attorney residing in the city of New Madrid, the respond-
ent Henry C. Riley, is judge of the circuit court of New
Madrid county and the respondent J. H. Bishop, is
judge of the probate court of said county. On August 3,
1907, James V. Conran instituted a suit for an injunc-
tion in the circuit court of New Madrid county against
the parties whose names we have given, to-wit; Robert
S. Rutledge, Bert F. Fenn, M. W. Powell, administra-
tor of the estate of M. H. Powell, deceased, J. O. More
and T. W. Corley. As the circuit court of New Madrid
county was not in session at the time nor the judge of it
within said county, Conran applied to the Hon. J. H.
Bishop, judge of the probate court for a preliminary
writ of injunction, and on Conran's filing an injunction
bond in the sum of $5,000, the writ was granted and the
papers certified to the circuit court of the county, where
the cause is still pending. It appears from the return of
Judge Bishop, that the only knowledge he had regarding
the merits of Conran's cause of action was what ap-
peared in the petition for an injunction. However, no-
tice of the application for the writ had been given to
the defendants in the suit against whom the writ was

granted, or some of them. It further appears from said return that Judge Bishop had no connection with the matter except to grant the preliminary writ, which was returned with the bond to the clerk of the circuit court as provided by the statutes. [R. S. 1899, secs. 3628, 3629.] It appears from Judge Riley's return that he had issued no orders, nor taken any steps in the injunction suit at the time of the filing of the petition for the writ of prohibition. The suit was simply pending in the New Madrid circuit court, to be taken up in due course of business and disposed of according to law. From the petition filed in this court by Fenn for the writ of prohibition, and the petition filed by Conran in the circuit court of New Madrid county for the writ of injunction, we gather all the facts pertinent to the present controversy which are before us. These facts are intricate and, as presented to us, obscure. Conran's petition in his injunction suit recites that in the year 1903, he and Mal H. Powell (who was a woman and is now deceased) had certain business transactions and that the same were evidenced by a contract which is in the possession of Fenn; that on June 10, 1903, a new transaction took place which superseded the prior one, and on said date Mal H. Powell executed and delivered to Conran a quitclaim deed, conveying lands in New Madrid county and Pemiscot county, and on the same day Conran executed and delivered to Mal H. Powell a contract in writing which is now in the possession of Fenn; that thereafter, from time to time for almost a year, Mal H. Powell accepted the benefit of the contract of June 10th with the full knowledge of Fenn, who was her confidential friend and legal adviser; that some time in 1904 she and Fenn being in need of money, made a demand on Conran for the payment of sums which he did not owe; that thereafter Fenn tried to coerce Conran to pay such sums by threats, and by stating that Conran had forged a deed on June 10, 1903, and making similar charges; that having failed to ex-

tort money from Conran by threats, Mal H. Powell and
Fenn instituted two suits before a justice of the peace in
the city of St. Louis, one for $200 and one for $55; that
the actions were tried with the result that judgment was
given in both of them for Conran and an appeal taken in
one which is now pending in the circuit court of the city
of St. Louis. The nature of those actions is not disclos-
ed. Conran's petition in the injunction suit then pro-
ceeds to recite various suits, perhaps four or five others,
instituted by Fenn and Mal H. Powell against him in
the courts of St. Louis, and also the procurement of an
indictment against him. Said petition further recites
the institution of actions by Conran against Fenn in the
circuit court of New Madrid county, and the filing of a
criminal information against Fenn and Mal H. Powell
by the prosecuting attorney of said county, charging
them with criminal slander, of which they were found
guilty on the trial in the circuit court, but the judgment
was reversed by this court. It is further stated in Con-
ran's petition for injunction that he had instituted a
certain other suit against Fenn and Mal H. Powell in
New Madrid county, in three counts; one for slander, one
"for conspiracy to defraud and indict" Conran, and one
for malicious prosecution; that this action went to Ste.
Genevieve county on change of venue, where it was tried
and judgment obtained by Conran on the counts for slan-
der and conspiracy, he taking a nonsuit on the count for
malicious prosecution, but afterwards instituting an-
other action on said ground. It is further stated in the
petition for injunction that Fenn and Mal H. Powell
appealed from the judgment of the Ste. Genevieve Cir-
cuit Court on the counts for slander and conspiracy, to
the Supreme Court, where the cause is now pending.
After alleging these various suits and counter-suits and
criminal charges, the petition for injunction avers that
on July 10, 1907, Fenn filed another action against Con-
ran in the circuit court of the city of St. Louis for slan-.

der, which action is still pending. The general purport
of Conran's petition is that the different actions insti-
tuted against him by Fenn and Mal H. Powell, and sub-
sequently by the administrator of Mal. H. Powell, were
malicious and devoid of merit, and are maintained for
the purpose of annoying and harassing him, and to ex-
tort money from him. It is further charged that the de-
fendant Robert S. Rutledge, an attorney of New Madrid
county, and H. O. More an attorney of St. Louis, are
confederates of Fenn in these various proceedings to
harass and annoy Conran and extort money from him.
Corley was made a party on an allegation that he was
a notary public, and that Fenn and his confederates
were about to harrass Conran by taking depositions be-
fore said notary in the slander suit which Fenn had in-
stituted in the circuit court of the city of St. Louis, on
July 10, 1907. It is further alleged that Fenn and Rut-
ledge and the other defendants in the injunction suit,
would harass Conran by other malicious actions and
legal proceedings, unless they were restrained. It is al-
leged also that the issues involved in Fenn's slander suit
against Conran are identical with those involved in the
action which Conran instituted against Fenn, and were
adjudicated by the judgment of the circuit court of Ste.
Genevieve county in said case of Conran against Fenn
and Mal H. Powell; which case is now pending in the
Supreme Court. The general purpose of the allegations
in Conran's petition for injunction was to show that
Fenn and his confederates were harassing and annoying
Conran with a multiplicity of suits about the same sub-
ject-matter and would attempt to harass him with other
suits, although the substance of the issues in all of them
would be finally adjudicated in the cause pending in the
Supreme Court. It was on this ground of preventing a
multiplicity of suits, that a writ of injunction was
prayed to restrain the further prosecution of Fenn's
slander suit against Conran in the circuit court of the

city of St. Louis, and the institution of other legal suits pending the decision of Conran's case for slander against Fenn and Mal H. Powell in the Supreme Court. As stated, on this application and the filing of an injunction bond in the sum of $5,000, the judge of the probate court of New Madrid county granted a temporary injunction August 3, 1907. The following is the effective part of the writ:

"It is ordered that a temporary injunction be granted here, enjoining the said Robert S. Rutledge, Bert F. Fenn and T. W. Corley, their servants, agents and employees and confederates from prosecuting further in any way, manner or form, a case now pending in the circuit court of the city of St. Louis, styled Bert F. Fenn, plaintiff, v. James V. Conran, defendant, and being based upon allegation of verbal slander and being same case in which plaintiff attempted to take depositions before T. W. Corley on the 25th day of July, 1907, and being the last case filed in the said circuit court of the city of St. Louis, in which service has been had upon the the said James V. Conran, and from the proceeding further with said case until final determination of the case now pending in the Supreme Court of the State of Missouri, on appeal from the circuit court of Ste. Genevieve county, Mo., and from the further annoyance, harassment and aggravation of the said James V. Conran and from the institution of any other further actions against said James V. Conran touching upon, based upon, or connected with or growing out of the transactions and matters in the petition stated until the final determination of the case now pending and upon which service has been had in the circuit court of the city of St. Louis, until the further order of this or the circuit court of New Madrid county, Missouri, upon the plaintiff filing a bond conditioned according to law, in the sum of five thousand dollars, with W. V. Conran and S. R. Conran as sureties, which bond is herewith filed and approved;

and the clerk of the circuit court of New Madrid county is ordered (to file) the papers herein with the order of this court as in such cases by law required and to forthwith make out certified copies hereof, two copies in manner and form according to law, directed to the sheriff of the city of St. Louis for service upon Bert F. Fenn and T. W. Corley, respectively, and one directed to the sheriff of the county of New Madrid for service upon Robert S. Rutledge."

It was after the granting of the above preliminary injunction, that Fenn applied for a writ to prohibit the respondents in the present case, to-wit, James V. Conran and Henry C. Riley, judge of the circuit court of New Madrid county and J. H. Bishop, probate judge of the same county, from further proceeding with said injunction proceeding instituted by Conran against Fenn and others. The reason assigned why the writ of prohibition should be made absolute is that the circuit court of New Madrid county has no jurisdiction of said suit and is acting beyond and in excess of its jurisdiction. It is within the jurisdiction of equity, on a proper showing in the proper forum, to prevent by injunction a multiplicity of suits, and a court of equity could not properly be prohibited from hearing a cause which applied for injunctive relief against such a grievance. Nor would it be sufficient to authorize prohibition that there is no merit in the suit for injunction, or that the petition for said writ is demurrable. Those would be matters for the attention of the court of first instance, subject to review by the court of last resort, and would not go to the jurisdiction of the subject-matter of the cause. [State ex rel. v. Lewis, 76 Mo. 370; State ex rel. v. St. Louis Court of Appeals, 99 Mo. 216, 12 S. W. 661.] It is inconceivable how Conran's action against Fenn and Mal H. Powell for slander and conspiracy, can adjudicate the issues in the slander suit by Fenn against him. Conran's suit for slander could have no other basis than the

utterance of words defamatory of his character by Fenn
and his co-defendant; whereas Fenn's action for slander
could have no basis except the utterance by Conran of
defamatory words about Fenn.   The petition for in-
junction charges that still other actions will be brought
by the respondents in this case to harass Conran.  It is
not stated what the nature of those actions will be; but
it is charged that they will arise out of the same tran-
sactions from which arose the cause of action in Con-
ran's case against Fenn now pending in the Supreme
Court, and will be determined by the issues in that case.
We are unable to see how this could be true, but possibly
it is.   Nevertheless, with those matters we are not con-
cerned.   Unless the circuit court of New Madrid county
deemed that the petition for injunction stated a cause
of action, and that this cause was supported by proof,
it would no doubt, dissolve the injunction on final hear-
ing.   We are concerned to know whether said court has
jurisdiction of the injunction suit, or any order has
been issued therein in excess of its jurisdiction; for
these are the acts which may be prevented by a writ of
prohibition.  [State ex rel. v. Elkin, 130 Mo. 90, 30 S.
W. 333, 31 S. W. 1037.   State ex rel. v. Aloe, 152 Mo.
466, 54 S. W. 494.]   It will be perceived that the tem-
porary writ granted by the judge of the probate court
in the injunction suit, enjoined the defendants from do-
ing two things—namely, instituting more cases against
Conran, and prosecuting in any manner Fenn's slander
suit in the circuit court of the city of St. Louis, until
the final determination of Conran's case against Fenn
in the Supreme Court.   Now, to our minds, it is perfect-
ly clear that in the second part of this order the Honor-
able judge of the probate court, who in this instance
wielded temporarily the authority of a circuit judge,
acted in excess of the jurisdiction of the circuit court.
The effect of the writ granted is to prevent the prose-
cution in any manner of a case pending in the circuit

court of the city of St. Louis, an independent jurisdiction. Our statutes provide that proceedings for an injunction to stay a suit or judgment, shall be had in the county where the judgment was rendered, or the suit is pending. [R. S. 1899, sec. 3631.] This section of the statutes has been construed to mean that when the main relief prayed is an injunction to restrain the prosecution of a suit, the remedy must be sought in the jurisdiction where the action or suit to be enjoined is pending. And the statute is held not to apply where injunctive relief is asked merely as incidental to some general equitable relief. For instance, where a party files a bill of interpleader to compel rival claimants of a fund to litigate their rights in one suit, an injunction may be granted to prevent one of the defendants from carrying on a suit about the same subject-matter in another jurisdiction. [Davison v. Hough, 165 Mo. 561, 65 S. W. 731.] One main purpose of the injunction in question is to stop the prosecution of the slander suit in the circuit court of the city of St. Louis. That purpose is primary and not incidental to some other relief; and hence an injunction against the prosecution of said suit can be sought only in the St. Louis circuit court. [Hayes v. O'Brien, 149 Ill. 410; Beckley v. Palmer, 11 Gratt. (Va.) 625, 631; Mellier v. Bartlett, 89 Mo. 135; Scrutchfield v. Sauter, 119 Mo. 615, 24 S. W. 137.] The answer respondents make to this proposition is that prohibition should be refused because the petitioner has not pleaded the lack of jurisdiction of the circuit court of New Madrid county in said court; the idea being that unless a plea of want of jurisdiction is preferred in the tribunal of first resort and overruled, said tribunal will not be prohibited. There is much authority for this position. [Barnes v. Gottschalk, 3 Mo. App. 111; State ex rel. v. Laughlin, 9 Mo. App. 486.] In those cases the rule is said to be inflexible that want of jurisdiction must be urged without avail in the inferior tribunal,

before an application for prohibition will be entertained by a superior court. But the rule has been qualified, if not changed, by recent decisions of the Supreme Court, the purport of which is that when the lack of jurisdiction in the lower court is apparent on the face of the proceedings, it is not fatal to an application for prohibition that no plea to the jurisdiction has been made without avail in said court. This proposition was thoroughly discussed in State ex rel. v. Eby, 170 Mo. 497, 518, 71 S. W. 52, and was also passed on in State ex rel. v. Aloe, 152 Mo. 644. The effect of those, and perhaps of other recent decisions, is that the refusal to grant prohibition until the lower court has overruled the plea to its jurisdiction, is rather a discretionary matter of practice in the supervising court, than a condition precedent to the issuance of the writ; and hence, where want of jurisdiction is palpable, the failure to raise the question below does not necessarily hinder the superior court to interfere, though it may refrain from doing so until an appeal is made to the lower court. In the present case the learned judge of the circuit court of New Madrid county has had no opportunity to determine the jurisdiction of said court in the injunction suit or whether or not the preliminary restraining order was providently granted; and no doubt he would rule correctly on those questions when they came to be heard. But preventing the prosecution of the slander suit by the preliminary writ even in the matter of taking testimony by depositions, is so clear a case of excessive exercise of jurisdiction, that it seems to us the rights of the petitioner will be protected best by prohibiting its further exercise, and that it is our duty, under the later decisions of the Supreme Court, to take that course, rather than refuse redress on a technical point of procedure which can, in no event, affect the petitioner's substantial right to proceed with the cause he has instituted in the St. Louis circuit court. It is therefore considered, ordered and adjudged

that the writ of prohibition heretofore issued in this cause be made absolute against the further enjoining by the circuit court of New Madrid county, of the prosecution by Fenn, or any one in his behalf, of the action for slander instituted by him against Conran in the circuit court of the city of St. Louis. All concur.