## FERGUSON v. FAIN.

(Court of Civil Appeals of Texas. Amarillo. Dec. 16, 1911. On Motion for Rehearing, Jan. 20, 1912.)

1. EXECUTION (§ 172*)—INJUNCTION—VENUE—RESIDENCE OF PARTIES—STATUTORY PROVISIONS.

Under Sayles' Ann. Civ. St. 1897, art. 1194, providing that no inhabitant of this state shall be sued out of the county of his domicile, and subdivision 17 thereof, by way of exception, providing that, when suit is brought to enjoin the execution of a judgment, it shall be brought in the county in which such judgment was rendered, and subdivision 27, providing that, where venue is expressly prescribed by law, the suit shall be commenced in the county to which jurisdiction is expressly given, an action by one against whom judgment has been rendered in a district court for the county in which plaintiff in that action resided, to enjoin execution thereon by the sheriff on the ground that such judgment has been paid off in the settlement of subsequent litigation, must be brought in the county in which the judgment was obtained.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 519; Dec. Dig. § 172.*]

### On Motion for Rehearing.

2. VENUE (§ 84*) — WAIVER IN APPELLATE COURT—JURISDICTION OF COURT BELOW.

Where defendant in an action to enjoin execution on a judgment pleads residence in another county, and asks a change of venue, which plea is erroneously overruled, and the action continued to trial upon the merits and judgment rendered for defendant, who, on appeal, questions the action of the court in overruling the plea of residence and for a change of venue, the objection to the jurisdiction of the trial court to hear the case upon the merits is not waived.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 146, 148; Dec. Dig. § 84.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

3. APPEAL AND ERROR (§ 20*)—EFFECT OF
APPEAL—JURISDICTION ACQUIRED BY AP-
PELLATE COURT.

Where parties on appeal except to the
jurisdiction of the court below, and the Court
of Civil Appeals holds that it had no juris-
diction, the appellate court is thereby deprived
of any further jurisdiction; the rule being
that, if the court a quo did not properly have
and retain jurisdiction of the case, the appel-
late court cannot have jurisdiction.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 81–87; Dec. Dig. § 20.*]

Appeal from District Court, Lubbock Coun-
ty; L. S. Kinder, Judge.

Action by H. C. Ferguson against Mrs.
Mattie Fain for an injunction against execu-
tion on a judgment rendered in another
county against plaintiff herein. From a judg-
ment dissolving a temporary injunction,
plaintiff appeals. Reversed and cause re-
manded, with instructions to the district
court to transfer the cause to the district
court for the county in which judgment was
rendered.

W. D. Benson and H. C. Ferguson, for ap-
pellant. Geo. M. Hopkins, for appellee.

HALL, J. The appellant filed his bill in
the district court of Lubbock county to en-
join the execution of a judgment which had
been rendered against him in the justice
court of Denton county on the 28th day of
January, 1901, in a suit wherein appellant
was defendant and Mrs. Mattie Fain, appel-
lee herein, was plaintiff. Execution was is-
sued on said judgment and placed in the
hands of W. H. Flynn, sheriff of Lubbock
county. As grounds for the injunction, ap-
pellant alleges that the justice court judg-
ment in question had been fully settled and
paid off in the settlement of other litigation
subsequently had between the same parties
in the district court of Denton county, and
that appellee, Mrs. Fain, had promised to re-
lease the judgment in the justice court, and
had failed to do so. The prayer was for
temporary injunction, and that upon a final
hearing injunction be made permanent. Ap-
pellee, Mrs. Fain, filed her plea of privilege,
alleging her residence to be in Denton coun-
ty, that the defendant Flynn was merely a
formal party to the suit, and praying that
the cause be transferred to the district court
of Denton county. This plea was sustained
by the evidence introduced, and no testimony
was introduced by appellant in opposition
thereto. The plea was overruled by the
court. The question of venue was also rais-
ed by exception and plea in the motion to
dissolve. This was also overruled by the
court and the exceptions reserved by her.
Upon a trial before the jury, there was a
verdict and judgment for appellees dissolving
the temporary injunction, from which appel-
lant has appealed the case to this court.

[1] The appellee, Mrs. Fain, by cross-as-
signments of error, properly filed in the trial
court, insists that her plea of privilege should
have been sustained, and the cause transferred
to the district court of Denton county. If her
contention is correct, then this court should
not pass upon any of the assignments of er-
ror presented for our consideration in appel-
lant's brief. We have carefully investigated
the issue raised by this assignment, and have
concluded that the same should have been
sustained, and the cause transferred to Den-
ton county. Our venue statute, governing
the case, is as follows (Sayles' Civil Stat-
utes, art. 1194): "No person who is an in-
habitant of this state shall be sued out of
the county in which he has his domicile ex-
cept in· the following cases, to wit." Sub-
section 17, under this article, is as follows:
"When suit is brought to enjoin the execu-
tion of a judgment or to stay proceedings in
any suit in such case suit shall be brought in
the county in which such judgment was ren-
dered or in which suit is pending." Sub-
section 27 of the same article provides:
"Whenever in any law authorizing or regu-
lating any particular character of action the
venue is expressly prescribed, the suit shall
be commenced in the county to which juris-
diction may be so expressly given."

In the case of Parsons et al. v. McKinney,
133 S. W. 1084, in which a writ of error was
denied by the Supreme Court, Chief Justice
Pleasants said: "Subdivision 17 of article
1194 and article 2996, Sayles' Civil Statutes
1897, apply only when the suit is to restrain
the execution of a judgment because of some
infirmity in the judgment or the writ or of
some equity which has arisen since the ren-
dition of the judgment, which should pre-
vent its enforcement." It would seem from
the language of the authorities hereinafter
cited that the courts of this state have con-
strued subsection 17 to be inapplicable where
the purpose of the action was to enjoin the
levy of the execution upon the property of
some one who was not a party to the judg-
ment sought to be enjoined, or where the
purpose of the suit was to protect exempt
property and the like, and the injunction
sought was merely auxiliary to the main pur-
pose of the suit. This, however, is a direct
proceeding wherein appellant seeks to cancel
the judgment for the reasons arising since
its rendition, and to have the same declared
satisfied and void, and no other relief is
sought by his petition. The fact that the
sheriff of Lubbock county in whose hands
the execution was placed has been made a
party to the suit does not affect the question.
In our opinion the residence of the parties
to the suit is immaterial, because the sub-
sections 17 and 27 fix the venue in the coun-
ty where the judgment was rendered, regard-
less both of the parties or their domicile.
The real issue is between appellant and ap-
pellee, Mrs. Mattie Fain, to declare the judg-
ment satisfied, and the sheriff is merely a

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

formal party to the proceeding, and appellee, Mrs. Fain, should not be required to litigate matters presented by appellant's bill in Lubbock county, by reason of the residence of the sheriff there, who is a party to the suit solely because of his official position. We think the subdivision of the article in question was intended to apply to suits of this character. Lyons Bros. v. Corley, 135 S. W. 603; Parsons v. McKinney, 133 S. W. 1084; Adoue v. Wettermark, 22 Tex. Civ. App. 545, 55 S. W. 511; Leachman v. Capps, 89 Tex. 690, 36 S. W. 250; Van Ratcliff v. Call, 72 Tex. 491, 10 S. W. 578; Winnie v. Grayson, 3 Tex. 430. In our investigation we find that Iowa and Missouri have venue statutes · similar to ours with reference to enjoining the execution of judgments, and the courts of those states have construed their respective statutes in line with the construction we place upon our statute in this case. See Phelan v. Johnson, 80 Iowa, 727, 46 N. W. 68; Anderson v. Hall, 48 Iowa, 346; Grattan v. Matteson, 51 Iowa, 622, 2 N. W. 432; State ex rel. Fenn v. Riley, 127 Mo. App. 469, 105 S. W. 696.

Because of the error of the court in overruling the exception raising the issue of venue, the judgment is reversed and the cause remanded, with instruction that the district court of Lubbock county enter the proper order, sustaining said exception and transferring the cause in accordance with the statute, to the district court of Denton county.

### On Motion for Rehearing.

Appellee issued an execution out of the justice court of Denton county, which the sheriff of Lubbock county was about to levy upon the property belonging to appellant. Appellant secured an injunction from the district judge of Lubbock county, temporarily restraining the sheriff from making such levy. The appellee, who resided in Denton county, filed her plea of privilege. The petition showed that the execution sought to be enjoined was based upon a judgment rendered in Denton county. In our opinion, rendered a former day of this term, we held that the court should have sustained the plea of privilege and exceptions to the jurisdiction of the court filed by Mrs. Fain, and transferred the cause to Denton county.

[2] After her plea of privilege and exceptions had been overruled, appellee proceeded to trial upon the merits, and verdict and judgment were rendered in her favor. On appeal she has filed a brief in this court, in which there is first presented for our consideration her cross-assignments, challenging the action of the court in overruling her plea of privilege and exceptions to the jurisdiction of the district court of Lubbock county to try said cause.

She might have waived the question of venue and jurisdiction in the district court, but her plea and exceptions were filed in due order and considered by the court. In her brief she still insists upon her plea of privilege and exceptions before this court. If the point had been waived by not being briefed, this court could not and would not have considered the question, but since it was fully briefed and insisted upon by her, although in a cross-assignment of error, it is necessarily the first question to be · considered, since this court ·cannot properly retain jurisdiction of the cause if the lower court should not have done so. She not only did not waive the point in her brief, but is still insisting upon it in her motion for a rehearing. It becomes our duty under such circumstances to consider first the question of the right of the trial court to hear the case upon the merits. Appellee could have urged her objection to the trial· court hearing the case upon the merits, and, after said court had held adversely against her upon that point and judgment had been rendered in her favor, she could have waived the question in this court. She is not doing so, and the right of the court to try the case upon the merits is properly the first issue for this court to consider. We have heretofore passed upon it in appellee's favor, and her motion for rehearing is overruled.

Appellant has also filed a motion for rehearing, insisting that our former opinion is erroneous. Having carefully reviewed the authorities cited in the motion and briefs upon these issues, we are not disposed to change our ruling, and still hold that, if the trial court had no jurisdiction of the case, judgment rendered upon the merits cannot be permitted to stand, and appellant's motion for rehearing is also overruled.

[3] The rule being that, if the court a quo did not properly have and retain jurisdiction of the case, the appellate court cannot have jurisdiction, then it is clear to us that the objections which appellee urged in the lower court, and which we have held deprived that court of jurisdiction to render judgment upon the merits, being still urged in this court, although they might have been waived in this court, as well as in the lower court, have the effect of depriving this court of any jurisdiction to pass upon any other question than that raised by appellee's cross-assignment.