## BRUNSON v. DONALD.   (No. 2111.)

Court of Civil Appeals of Texas. El Paso.
Feb. 2, 1928.

Rehearing Denied March 8, 1928.

**1. Husband and wife ⬅⟹267(1, 4)—During coverture, community lands, not including homestead, may be disposed of or pledged by husband without wife joining.**

During coverture, the community lands of an estate, not including the homestead, may be disposed of or pledged by the husband without joining the wife.

**2. Husband and wife ⬅⟹270(10)—Judgment against surviving husband on community debt, begun before wife's death, is binding on community property.**

A judgment rendered against a surviving husband obtained in a suit on a community debt, which was begun before wife's death, is binding on the community property, though administration had been commenced on her estate and neither the administrator nor her son as heir was made a party.

**3. Husband and wife ⬅⟹270(11)—Sale of husband's interest in community property, on judgment against him alone after wife's death, conveys interest both of husband and wife.**

Levy and sale of husband's interest in community property, made under judgment against him alone after death of wife, cause of action being community debt, conveys interest both of husband and wife.

**4. Courts ⬅⟹480(3)—Injunction could not issue in M. county to restrain sale of property in M. county under judgment of district court of D. county (Rev. St. 1925, art. 4656).**

Injunction restraining sheriff of M. county from making sale of lands in M. county under judgment of district court of D. county and order of sale thereunder should, under Rev. St. 1925, art. 4656, have been refused, or, if granted, writ should have been returned to district court of D. county.

**5. Courts ⬅⟹480(3)—Suit to enjoin sale of specific property decreed to be sold and attacking decree of sale is not within jurisdiction of coordinate court (Rev. St. 1925, art. 4656).**

A suit to prevent sale of specific property decreed to be sold to satisfy judgment and attacking decree of sale is such a suit as is, under Rev. St. 1925, art. 4656, imperatively placed beyond jurisdiction of co-ordinate court.

Appeal from District Court, Midland County; Chas. L. Klapproth, Judge.

Action by Stanton Brunson, by his next friend, against Charles Donald. From an order dissolving a temporary injunction, plaintiff appeals. Affirmed.

Wright & Gibbs, of San Angelo, for appellant.

W. H. Russell, of Hereford, for appellee.

WALTHALL, J. This case presents an appeal from an order of the district court of Midland county dissolving a temporary writ of injunction theretofore granted by said court restraining the sheriff of Midland county from making sale of certain lands situated in Midland county under and by virtue of a judgment of the district court of Deaf Smith county, and an order of sale levied on said lands under said judgment.

The petition under which the injunction was issued was granted recited, in substance, that on the 17th day of August, 1927, judgment was rendered in the district court of Deaf Smith county, Tex., in a suit styled Charles Donald v. W. W. Brunson et al., No. 1617, on the docket of said court, wherein and whereby the plaintiff, Charles Donald, obtained judgment against said W. W. Brunson in the sum of $43,862.68, with interest and for foreclosure of a lien upon the land situated in Midland county, and sufficiently described; that after the institution of said suit and before the entry of said judgment the wife of said W. W. Brunson, and mother of the minor, Stanton Brunson, died in Midland county, leaving the said minor the sole and only heir at law and sole and only child; that neither the said minor nor his said mother was ever made a party to said suit, and that no judgment has been rendered against them, or either of them; that probate proceedings were pending in the probate court of Midland county at the date of the rendition of said judgment for the purpose of administering upon the estate of Mrs. Brunson, and that said probate proceedings are now pending in said probate court with W. W. Brunson as temporary administrator; that said administrator has never been made a party to said suit as such administrator, and no foreclosure has been had against said estate; that all of said lands were purchased with community funds, and that said lands belong to the community estate of said W. W. Brunson and wife; that no will, if any, made by Mrs. Brunson has ever been admitted to probate; that said judgment is void as to said minor. The petition then recites that the order of sale had been issued under said judgment directing the sale of said lands, and that the sheriff of Midland county had advertised said lands for sale and was threatening to sell same and would do so unless restrained, and that such sale, if made, would cast a cloud upon the title, and that such sale would necessitate a suit to remove cloud from the title cast by said sale. The petition recites that a sale of said lands is in process of consummation by said administrator to pay off and satisfy said judgment, but that same cannot be done before the sale as advertised by the sheriff, and that said sale by the sheriff would thwart and bring to naught the plans for sale by the administrator, and that thereby the estate would suffer irreparable injury. Petitioners prayed for and were

---

⬅⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

granted a temporary injunction restraining said sale, which injunction on hearing was dissolved on motion of appellee, and the injunction by order of the court to remain in force pending this appeal. The bond required was given, and the case is now before this court on appeal.

### Opinion.

[1] The petition for injunction discloses the fact that the debt and lien on the lands were created by W. W. Brunson on the community property of himself and wife during the lifetime of his wife. It has always been the law in this state that during the coverture the community lands of an estate, not including the homestead, may be disposed of or pledged by the husband without joining the wife.

[2] There is no suggestion in the petition that the district court of Deaf Smith county was without jurisdiction to render the judgment and foreclose the lien recited in the petition, other than that before the rendition of the judgment Mrs. Brunson died, and that administration had commenced on her estate, and that neither Mrs. Brunson, the minor, nor the administrator, as such, were made parties to the suit. Those facts would not render the judgment void. Carter & Rust v. Conner, 60 Tex. 52, is in point. It is there held that on the death of the wife the heirs or administrator of the wife are not necessary parties, and that no reason can be urged why in an original suit commenced after her death, they are necessary parties, in a suit upon a community debt. In that suit judgment was obtained eleven months after the death of the wife.

[3] It is well-settled law in this state that a levy and sale of the husband's interest in community property, made under a judgment against him alone after the death of his wife, the cause of the action being a community debt, conveyed the interest both of the husband and the wife. Carter & Rust v. Conner, supra; Claiborne v. Tanner, 18 Tex. 68; Primm v. Barton, 18 Tex. 206.

Article 4656, R. C. S. 1925, provides that:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered."

Cases such as Van Ratcliff v. Call, 72 Tex. 493, 10 S. W. 578, and Leachman v. Capps, 89 Tex. 691, 36 S. W. 250, and Gohlman et al. v. Whittle et al. (Tex. Sup.) 273 S. W. 806, recognize the right of a stranger to a judgment to restrain, under certain circumstances, the sale under execution on the judgment of property not subject to the execution, but the circumstances have no application to the instant case. .

[4, 5] The injunction in this case should

have been refused, and, if granted, the writ should have been returned to the district court of Deaf Smith county. A suit seeking to prevent the sale of specific property decreed to be sold to satisfy a judgment and attacking the decree of sale is such a suit as is imperatively placed beyond the jurisdiction of a co-ordinate court. Any other rule would lead to unseemly and disorderly conflict between the courts and be productive of confusion and disastrous to the administration of justice. Adoue v. Wettermark, 22 Tex. Civ. App. 545, 55 S. W. 511. The injunction granted restrained the sale of property which the judgment of the Deaf Smith county district court ordered sold, and to that extent enjoined the judgment. Perrin v. Stevens (Tex. Civ. App.) 39 S. W. 927; Matthews v. Eyres (Tex. Civ. App.) 206 S. W. 963; Gohlman, Lester & Co. v. Whittle, supra.

Our conclusion is that the district court of Midland county properly dissolved the injunction. Wherefore we affirm the judgment of the court dissolving the injunction.

Affirmed.