## THOMASON v. SHERRILL et al.
### No. 959.

Court of Civil Appeals of Texas. Eastland.
March 4, 1932.

Rehearing Denied April 8, 1932.

See, also (Tex. Civ. App.) 4 S.W.(2d) 304.

Walter R. Fly and John Davis, both of Dallas, for appellant.

H. R. Jones and Tom Davis, both of Haskell, for appellees.

HICKMAN, C. J.

The appeal is from an order overruling the plea of privilege of appellant G. W. Thomason to be sued either in Dallas, the county of his domicile, or in Denton county. Appellees filed suit in Haskell county against appellant Thomason and W. T. Sarrels, sheriff of Haskell county, to remove a cloud from the title to property situated in that county. In connection therewith they sought and procured the issuance of a temporary injunction restraining the sale of the property under an order of sale issued out of the district court of Denton county in a case in which they were not parties. According to the findings, some purported vendor's lien notes were created by parties owning no interest in this land, and the judgment in Denton county was upon these notes and for a foreclosure of the lien secured thereby. The plea of privilege was controverted by an affidavit setting out the facts very fully, and also making the petition a part thereof. Reliance to hold venue in Haskell county was based upon subdivisions 4, 14, of article 1995, Rev. St. 1925 and subdivision 29a as added by Acts 40th Leg. (1927) 1st Called Sess., c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, subd. 29a). The facts were fully developed upon the hearing of the plea of privilege.

Appellant's brief contains fifteen propositions based upon seven assignments of error. Most of these assignments and propositions are concerned with questions going to the merits of the controversy, and much of the evidence introduced related to questions of title, limitation, etc. As we view the question presented by the plea of privilege, all the assignments relating to the questions to be determined in a trial on the merits are immaterial. Clearly the venue should not have been changed to Dallas county. The proof showed that the land was situated in Haskell county, and no reason can be perceived why appellees should be compelled to go to Dallas county to litigate the title thereto. As we understand appellant's brief, he does not therein seriously contend that the case should have been transferred to Dallas county, but the contention seems to be rather that it should have been transferred to Denton county and tried before the court out of which the order of sale issued.

We have grave doubts that the question of whether or not the injunction should have been returnable to the district court of Denton county instead of the district court of Haskell County is presented at all by a plea of privilege. The statutes relating to such pleas are special statutes, and have as their purpose the transfer of the cause to the county of the domicile of the defendant, where all the issues will be determined, and we do not hold that in the trial of such plea the question of whether an injunction should be returnable to a court other than the one issuing it in accordance with the provisions of article 4656, R. S. 1925, is reached. But, conceding that the question is presented for decision, it is our opinion that the court properly overruled the plea.

Appellees were not parties to the suit in Denton county. Had the case been transferred to the district court of that county, they could have shown no right to disturb the judgment rendered therein. That judgment was against one not a party to this suit. It decreed a foreclosure of a lien upon land be-

longing to appellees situated in Haskell county. The position of appellees is that that judgment, while effective between the parties, could not affect their title to their own lands. They are seeking to remove the cloud from their title cast by this judgment and the notes upon which it was based, and the injunction was purely ancillary to the main purpose of the suit.

The law of venue governing in actions of this kind was clearly stated by our Supreme Court in Van Ratcliff v. Call, 72 Tex. 491, 10 S. W. 578, 579, in this language: "But the law requiring a suit to enjoin the execution of a judgment to be brought in the county of its rendition, evidently applies to suits attacking the judgment; questioning its validity, or presenting defenses properly connected with the suit in which it was rendered, and which should have been adjudicated therein. It has no application to parties who do not sue to stay or enjoin the execution previously of the judgment as contemplated by the statute, but who sue to prevent the sale of property alleged to belong to them, under a judgment, however valid and regular it may be, to which they are not parties, and for the satisfaction of which their property could in no event be subject. Any other construction of the statute would, where an execution was levied upon the property of persons not parties to the judgment, require such persons to adjudicate their rights to the same in a county not that of their domicile, and thus destroy a valuable privilege."

That holding has been often followed, both by the Supreme Court and courts of civil appeals. Many cases so holding could be collated, but we content ourselves by the citation of the following: Leachman v. Capps, 89 Tex. 691, 36 S. W. 250; Gohlman v. Whittle, 115 Tex. 9, 273 S. W. 806; D. June & Co. v. Doke, 35 Tex. Civ. App. 240, 80 S. W. 402 (error denied); Ladonia State Bank v. McDonald (Tex. Civ. App.) 7 S.W.(2d) 161.

The judgment of the trial court will be affirmed.