## STEWART v. ADAMS et al.

### No. 2351.

Court of Civil Appeals of Texas. Eastland.

April 2, 1943.

Williamson & Nordyke, of Stephenville, for appellant.

Joseph A. Chandler, of Stephenville, for appellee.

GRISSOM, Justice.

E. L. Adams obtained a money judgment against Henry H. Stewart in the County Court of Palo Pinto County. An execution was issued and levied upon Stewart's undivided interest in two tracts of land in Erath County. Stewart instituted this suit in the District Court of Erath County against Adams and Carl W. Turnbow, Sheriff of Erath County, to restrain them from selling his interest in said land under execution, on the grounds (1) that the Palo Pinto County judgment was void, because Stewart was not served with citation and did not appear, and (2) because said land was the homestead of Stewart.

In a trial to the Court judgment was rendered refusing to enjoin the sale. Stewart has appealed. The Court held (1) that it did not have jurisdiction to enjoin the enforcement of the Palo Pinto County judg-

ment on the ground there was no service of citation on Stewart in the Palo Pinto Case, and (2) that the property levied upon was not the homestead of Stewart. Each of these holdings are attacked. We approve the trial court's decisions on both points.

Article 4656, Vernon's Ann.Civ.St., provides: "Writs of injunction granted to stay * * * execution on a judgment, shall be returnable to and tried in the court where * * * such judgment was rendered * * *."

Stewart, in his petition for injunction, alleged that the judgment rendered against him in the County Court of Palo Pinto County recited: "The Defendant, though duly cited to appear and answer herein, came not but wholly made default * * *."

 The District Court of Erath County did not have jurisdiction to enjoin the execution of the Palo Pinto County judgment on the ground that there was no service of citation on the defendant, because the judgment on its face appeared to be valid. Stewart alleged and the evidence showed a recital in the Palo Pinto County judgment that Stewart had been duly cited to appear and answer but defaulted. This suit, insofar as it attempts to restrain the execution of the judgment for lack of service of citation on Stewart is a collateral attack upon the Palo Pinto County judgment. Such jurisdictional recitals in the judgment preclude a collateral attack in opposition to the verity of said recitals in the Palo Pinto County judgment. Fitch v. Boyer, 51 Tex. 336; Van Ratcliff v. Call, 72 Tex. 491, 493, 10 S.W. 578; Levy v. Roper, 113 Tex. 356, 256 S.W. 251, 253; Brown v. Clippinger, 113 Tex. 364, 256 S. W. 254; Gohlman, Lester & Co. v. Whittle, 115 Tex. 9, 15, 273 S.W. 806; Carey v. Looney, 113 Tex. 93, 251 S.W. 1040, 1041; Seligson & Co. v. Collins, 64 Tex. 314; State Mortgage Corporation v. Ludwig, 121 Tex. 268, 48 S.W.2d 950, 953; Leachman v. Capps & Canty, 89 Tex. 690, 36 S. W. 250; Switzer v. Smith, Tex.Com.App., 300 S.W. 31, 68 A.L.R. 377; Watson v. Rochmill, 137 Tex. 565, 155 S.W.2d 783, 785, 137 A.L.R. 1032; Jordan v. Texas Pacific Coal & Oil Co., Tex.Civ.App., 152 S.W.2d 875, writ refused; Laney v. Cline, Tex.Civ.App., 150 S.W.2d 176, 180; 25 Tex. Jur. 703.

 Plaintiff contends the court erred in holding that plaintiff's undivided interest in the two tracts of land in Erath County was not his homestead. The only testimony as to plaintiff's intention to make the land his homestead came from plaintiff himself. He certainly did not establish as a matter of law that said land was his homestead. To impress a homestead character on land in the absence of actual occupancy, there must be an intention by the head of the family to reside on said land with his family as a home, coupled with some overt act of preparation evidencing that intention. Mere intention to occupy the land as a homestead is insufficient. There was no evidence of an overt act of preparation of the land for occupancy by the plaintiff as his homestead. The trial court was justified in holding, if not compelled to hold, that the land was not plaintiff's homestead. Stevenson v. Wilson, Tex.Civ.App., 130 S. W.2d 317, 320, writ refused; Sipe v. Sayer, Tex.Civ.App., 140 S.W.2d 297, 1112.

The judgment is affirmed.