## G. Seligson & Co. v. C. F. Collins.

(Case No. 5513.)

1. Homestead — Order of sale — Injunction — Return.— S. sued C. and procured the issuance of an attachment which was levied upon land situated in another county. A judgment by default was rendered for the debt, the attachment lien foreclosed, and by virtue of that attachment an order of sale was issued. C. claimed the property as a homestead, and brought suit in the county where the land was located, to enjoin the sale. *Held:*

(1) That C. was not concluded as to his homestead rights by the decree foreclosing the attachment lien upon the land, as no such issue was made or adjudicated in that case.

(2) That since the order of sale commanded the sheriff to sell specific property, the effect of the injunction was to suspend the operation of the process until such time as the questions raised by the injunction suit might be determined.

(3) In this case the injunction not only suspended the process but questioned its validity and regularity; the statute being imperative, the writ of injunction should have been returned to the court from which the order of sale issued.

Appeal from Coryell. Tried below before the Hon. T. L. Nugent.

Collins brought this suit against appellants and J. M. Lanham, sheriff of Coryell county, to enjoin a sale of the lands described in the petition, by virtue of an order of sale issued out of the county court of Galveston county. Seligson & Co. had sued Collins in the county court of Galveston county, and procured the issuance of an attachment which had been levied upon the land; a judgment by default was rendered for the debt and the attachment lien foreclosed, and it was by virtue of that judgment the order of sale had been issued.

As a ground for injunction Collins claimed to be a married man and the head of a family, and as such was occupying the land as a homestead at and before the levy of the attachment.

Appellants moved to dismiss the suit on the ground that the district court of Coryell county had no jurisdiction. They also pleaded to the jurisdiction of the court upon the same ground, viz.: that the writ of injunction was returnable to the court from which the order of sale issued. And answered by general denial, and that the homestead issue was *res adjudicata* by reason of the judgment foreclosing the lien.

The motion, pleas and exceptions were overruled, and the court having heard the evidence rendered judgment for Collins, perpetually enjoining the sale.

The points presented were these: 1st. The court erred in holding

that the decree foreclosing the lien did not conclude Collins as to his homestead right. 2d. The court erred in overruling the motion, plea and exceptions as to the jurisdiction of the court.

*Thos. C. Smith,* for appellants, on the question of jurisdiction, cited: R. S., art. 2280; Hugo *v.* Dignowitty, Willson & White's Reports, sec. 158; George *v.* Dyer, id., sec. 780; Hendrick *v.* Cannon, 2 Tex., 259; Winnie *v.* Grayson, 3 Tex., 429; Cook *v.* Baldridge, 39 Tex., 250; Wheeler & Wilson Manuf'g Co. *v.* Collins, 4 Law Journal, p. 381; Pas. Dig., art. 3932.

On *res adjudicata,* he cited: Nichols *v.* Dibrell, 61 Tex., 539–543, top; Tadlock *v.* Eccles, 20 Tex., 791, 792; Lee *v.* Kingsbury, 13 Tex., 68; Chilson *v.* Reeves, 29 Tex., 276–281; Hatch *v.* Garza, 22 Tex., 176; Foster *v.* Wells, 4 Tex., 101–104; Weathered *v.* Mays, 4 Tex., 387, 388; 1 Greenl. on Ev., sec. 534.

*Vardiman & Atkinson,* for appellee, cited: Cross *v.* Peterson, Civil Decis. of Ct. of App., 600; Brown *v.* Young, id., 713.

WATTS, J. COM. APP.— Appellee was not concluded as to his homestead rights by the decree of the county court of Galveston county foreclosing the attachment lien upon the land. No such issue was made or adjudicated in that case. Willis *v.* Matthews, 46 Tex., 483.

Here the injunction restrained a sale of the particular property described in the order of sale. This order of sale commanded the sheriff of Coryell county to sell the specific property; hence the effect of the injunction was to suspend the operation of the process until such time as the questions raised by the injunction suit might be determined. In this respect there is a difference between an order of sale and an ordinary execution. The one commands the sale of particular property and does not become operative as an ordinary execution until the sale is made, and not then unless there is a balance remaining unpaid upon the judgment; whereas enjoining a sale under an execution, where the validity or regularity of the writ is not questioned, does not suspend the operation of the process, but the sheriff may, by virtue of the writ, levy upon and sell other property of the defendant therein, to satisfy the judgment.

Here the proceeding by injunction not only stayed or suspended the process, but also questioned its validity and regularity. In such case the statute is imperative — the writ of injunction must be returned to the court from which the order of sale issued. R. S., art. 2880; Hendrick *v.* Cannon, 2 Tex., 259; Winnie *v.* Grayson, 3 Tex., 429; Cook *v.* Baldridge, 39 Tex., 250.

Undoubtedly the district court of Coryell county had no jurisdiction, and erred in overruling the appellants' exceptions, etc.

Our conclusion is that the judgment ought to be reversed and the cause dismissed.

REVERSED AND DISMISSED.

[Opinion approved June 2, 1885.]