### JOHN H. BROOCKS v. R: I. LEE ET AL.

#### Decided May 8, 1908.

**Execution—Injunction—Venue.**

A writ of injunction to restrain the sale of specific property described in an order of sale, must be returned to the court from which the order of sale issued when the effect of the injunction is to stay or suspend the process and question its validity. The provisions of article 2996, Revised Statutes, are mandatory.

Appeal from the District Court of Orange County. Tried below before Hon. W. B. Powell.

No briefs for either party.

MCMEANS, ASSOCIATE JUSTICE.—John H. Broocks brought this suit in the District Court of Orange County, Texas, against R. I. Lee and E. B. Pickett, clerk of the District Court, and Lee Cherry, sheriff of Liberty County, and G. H. Pendarvis, attorney for R. I. Lee, and the First National Bank of Beaumont, Texas, to enjoin the sale of certain lands described in his petition, by virtue of an order of sale issued upon a judgment rendered in the District Court of said Liberty County, and to restrain the said Lee and his said attorney, Pendarvis, from suing out, and the said Pickett as clerk from issuing, further or additional orders of sale on said judgment.

The grounds alleged, and upon which the injunction was sought and granted were, (1) that after the rendition of the judgment in Liberty County in favor of Lee and against appellant, and also in favor of the First National Bank of Beaumont, foreclosing Lee's vendor's lien on the land in question, and also foreclosing a second lien in favor of the bank, L. L. Featherstone instituted suit against him in the District Court of Liberty County in trespass to try title to said land, which suit he alleged was then pending. That after the filing of said suit, appellant sued out a writ of injunction in the District Court of Liberty County seeking to postpone the collection of said judgment to await the result of the litigation between himself and Featherstone, which injunction at a later term of the District Court of Liberty County was dissolved, and from the judgment dissolving that injunction he had appealed, by writ of error, to the Court of Civil Appeals, and that said appeal was still pending and that he was entitled to a decision by the Supreme Court of Texas in the event the judgment of the Court of Civil Appeals should be against him. (2) That because of the pen-

dency of said writ of error and suspension of said judgment a sale of the land under an order of sale would be void, prospective purchasers frightened away, and the price for which the lands might otherwise be sold greatly diminished. (3) He alleged the pendency in the District Court of Orange County of a suit wherein he, the said John H. Broocks, is plaintiff and the said R. I. Lee and First National Bank of Beaumont are defendants, wherein plaintiff alleges the payment of the judgment rendered against him in the District Court of Liberty County, and praying for damages. (4) That he does not owe the First National Bank of Beaumont anything, and that he believed that Lee and his attorney are attempting to make the lands bring as small a price as possible with the view of purchasing same, to his injury. (5) That owing to the existing financial conditions the sale of said lands, if sold under said order of sale, will result in great sacrifice to him. He prayed for a writ of injunction restraining the sheriff, Cherry, and his deputies from selling the land under said order of sale, and commanding him to forthwith return the same to the clerk by whom it was issued, and restraining Lee and his attorney, Pendarvis, and Pickett, the clerk, and the First National Bank of Beaumont from issuing or causing to be issued any other orders of sale until the suit in the District Court of Orange County shall have been determined. The district judge in chambers granted the injunction and ordered the issuance of the writ in the terms of the prayer.

After answering, the defendants Lee, Cherry, Pickett and Pendarvis filed their motion to dissolve the injunction upon several grounds, only two of which need to be noticed, viz., (1) that no court other than the District Court of Liberty County had jurisdiction to inquire into the regularity and validity of said judgment, and that no court other than the District Court of Liberty County had power to enjoin the execution of said judgment, and that the District Court of Orange County was without jurisdiction in the premises; (2) that the judgment of the District Court of Liberty County dissolving the injunction granted by that court, had been affirmed by the Court of Civil Appeals and a writ of error refused by the Supreme Court.

Upon a hearing the District Court of Orange County sustained the motion to dissolve, and appellant Broocks, having duly excepted, brings the case before us on appeal.

Article 2996, Revised Statutes, provides: "Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returned to and tried in the court where such suit is pending or such judgment was rendered . . . ."

The injunction restrained the sale of the particular property described in the order of sale. This order of sale commanded the sheriff to sell the specific property, hence the effect of the injunction was to suspend the operation of the process until such time as the questions raised by the injunction suit might be determined. The proceeding by injunction not only stayed or suspended the process, but also questioned its validity and regularity. "In such case the statute is imperative, the writ of injunction must be returned to the court from which the order of sale was issued." Seligson v. Collins, 64 Texas, 314; Leachman v. Capps, 89 Texas, 590; Bell v. York, 43 S. W., 68.

The court did not err in dissolving the injunction, and the judgment of the court below must be affirmed.

*Affirmed.*

Writ of error refused.