PIERSON et al. v. CONNELLEE.

(Court of Civil Appeals of Texas. Ft. Worth. March 9, 1912.)

1. EXECUTION (§ 172*) — INJUNCTION — COMPLAINT.

In a suit for an injunction restraining the sale of certain land under execution levy, a complaint, alleging that complainant pointed out to the sheriff certain other lands, on which the levy could be made, of the value of $3,500, sufficient to satisfy defendant's demand, which was less than $1,000, but failed to specifically allege that the property so pointed out was clear of incumbrances, or otherwise negative similar defenses, as that the property was homestead, etc., was insufficient.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. § 172.*]

2. INJUNCTION (§ 148*) — ISSUANCE — BOND — NECESSITY.

It is improper for the court to direct the issuance of a preliminary injunction without requiring a bond, in the absence of facts in the record justifying the exercise of such discretion.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 323–334; Dec. Dig. § 148.*]

Appeal from Eastland County Court; E. A. Hill, Judge.

Action by C. U. Connellee against Ella Pierson and others. From an interlocutory order granting an injunction, defendants appeal. Reversed, and order vacated.

Earl Conner, of Eastland, for appellants. D. G. Hunt, of Eastland, for appellee.

SPEER, J. This is an appeal from an interlocutory order granting an injunction in favor of appellee, restraining appellant and others in their efforts to sell certain real estate belonging to appellee under execution.

Neither party has briefed the case before us; but by the assignments of error filed below the grounds upon which a reversal is sought are, first, that the petition upon which the order was granted is insufficient, in that it does not negative the defenses reasonably arising from the facts alleged in the petition; and, second, that no bond was required of appellee preliminary to the issuance of the writ.

[1] The complainant alleged as a ground for injunction that he had pointed out to the sheriff, who sought to levy the writ of execution in appellant's favor, certain lands upon which the levy could be made, but that, in disregard of his rights in such matter, the writ had been levied upon other real estate, and a sale under such levy was threatened, to his damage. The petition alleged that the value of the property pointed out by appellee was $3,500, sufficient to satisfy appellant's demand, which was less than $1,000, but did not specifically allege that the property so pointed out was clear of incumbrances, nor otherwise negative similar defenses, as that the property was homestead, or the like. A majority of the court are inclined to sustain this assignment; but, in view of the reversal which will be ordered upon the second ground, it is unnecessary further to discuss the sufficiency of the petition, as the same may and should be amended before final trial.

[2] The second assignment of error is sustained, because the most that can be said is that the trial court may, in the exercise of his discretion in a proper case, order the issuance of a preliminary writ of injunction without requiring of the applicant a bond. There is nothing in the present case, however, to justify the exercise of such a discretion, if it exists under our statute; and the judgment is therefore reversed for the want of such bond. Downes v. Monroe, 42 Tex. 307; Nicholson v. Campbell, 15 Tex. Civ. App. 317, 40 S. W. 167. Some of the members of this court are inclined to the view that in no case is a judge authorized to order the issuance of a preliminary injunction without at the time requiring of the applicant proper security in the form of a bond.

Reversed, and order vacated.