### BROWN v. FLEMING, Sheriff, et al.
### (No. 5536.)

(Court of Civil Appeals of Texas. Austin. April 21, 1915.)

COURTS ☞480—CONFLICTING JURISDICTION—ENJOINING SALE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4653, providing that injunctions to stay proceedings in a suit shall be returnable to and tried in the court where such suit is pending, and article 4643, subd. 3, providing that no district judge may grant any injunction returnable to any other court unless the application therefor states that the judge in whose district the suit is brought is absent or sick and unable to act upon the application, or has refused to act upon it, the district court of McLennan county on an application for injunction, showing no excuse for not presenting it to the district judge of Hunt county, had no jurisdiction to enjoin the sheriff and another from an execution sale of land in McLennan county upon an order of sale issued in a pending suit by the district court of Hunt county.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1270–1278; Dec. Dig. ☞480.]

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action for injunction by J. E. Brown, administrator of C. R. Phillips, deceased, against S. S. Fleming, Sheriff, and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded, with instructions.

D. A. Kelley, of Waco, for appellant. Neyland & Neyland, of Greenville, and L. Aubrey, of Waco, for appellees.

RICE, J. Appellant was the administrator of the estate of C. R. Phillips, deceased, pending in the county court of McLennan county, and he brought this suit in the district court of said county against S. S. Fleming, sheriff of said county, and the Beall Hardware & Implement Company, a corporation, whose domicile is in Hunt county, alleging that he, as such administrator, had procured an order of sale from said county court to sell a tract of eight acres of land out of the James Stephens survey, describing it by metes and bounds, situated in McLennan county, belonging to said estate, in order to pay off and satisfy the indebtedness against said estate, amounting to something over $3,000, besides court costs, and that it was necessary to sell said land for the payment of the debts of said estate; that said Beall Hardware & Implement Company had obtained judgment in the district court of Hunt county against Duke Phillips, Earnest Phillips, and Otis Phillips, sons of C. R. Phillips, deceased, who had a contingent interest in said tract of land, for the sum of $1,651.35 in cause No. 10,614; and that said company had procured an order of sale to be issued out of said court in said cause, based upon said judgment, and placed same in the hands of said sheriff, who had levied said writ upon said land and had advertised the same for sale, and who would proceed to sell the same at sheriff's sale under said order of sale, unless restrained from so doing, which proceeding, appellant claimed, would cast a cloud upon the title of said estate in said land, and would prevent same from bringing a fair and reasonable price if sold under the order of sale issued from the county court, whereby said estate would suffer irreparable injury, praying that said sale be enjoined. The judge of said court granted said injunction, which was duly issued and served upon the appellees Fleming and the Beall Hardware & Implement Company.

Appellees addressed a general demurrer and two special exceptions to said petition, which were sustained by the court, and a judgment rendered dissolving said injunction, and decreeing that appellees go hence without day and recover of appellant all costs of suit, from which judgment appellant prosecutes this appeal, urging several assignments of error, none of which need be considered by us, because, though the question has not been raised by either party, we have concluded that the court had no jurisdiction to try the case, since our statute (article 4653, Vernon's Sayles' Texas Civ. Stats. 1914) provides:

"Writs of injunction granted to stay proceedings in a suit, or execution of a judgment, shall be returnable to and tried in the court where such suit is pending or such judgment was rendered."

The order of sale in this case was issued out of the district court of Hunt county, and was evidently based upon a judgment foreclosing some character of lien upon said land and directing its sale thereunder. In such case the writ of injunction, when issued by other than a resident judge, by reason of this statute must be made returnable to and tried in the district court of the county from whence the order of sale issued. See Broocks v. Lee et al., 50 Tex. Civ. App. 604, 110 S. W. 756; Seligson v. Collins, 64 Tex. 314; Bell v. York, 43 S. W. 68; Leachman v. Capps, 89 Tex. 690, 36 S. W. 250. The order of sale in this case commanded the sheriff to sell the specific property in controversy; therefore the effect of the injunction was to suspend the operation of such process, and such proceeding not only stayed and suspended the process, but questioned its validity and regularity as well. When this is the case, the writ must be returned to the county from whence such process issued. See, also, Hendrick v. Cannon, 2 Tex. 259; Winnie v. Grayson, 3 Tex. 429; Cook v. Baldridge, 39 Tex. 250.

In Seligson v. Collins, supra, where Seligson sued Collins in the county court of Galveston county, procuring the issuance of an attachment, which was levied upon land belonging to Collins situated in Coryell county, in which case judgment was rendered by default and the attachment lien foreclosed and an order of sale issued, directed to the sheriff of Coryell county, who levied upon said land, which was claimed by Collins as his homestead, and who brought suit in Coryell county to enjoin said sale, it was held that, since the order of sale commanded the sheriff to sell the specific property, the effect of the injunction was to suspend the operation of such process until such time as the questions raised by the injunction suit might be determined, for which reason it became imperative under the statute that the writ of injunction should be returned to the court from which the order of sale issued. The instant case falls within the rule announced in that case and the Broocks Case, supra, and we therefore hold that the district court of McLennan county was without jurisdiction to try the case.

If the process in this case had been an execution instead of an order of sale, then the doctrine announced in Van Ratliff v. Call, 72 Tex. 491, 10 S. W. 578, and in Horvets v. Dunman, 46 Tex. Civ. App. 177, 102 S.

W. 462, and Huggins v. White, 7 Tex. Civ. App. 563, 27 S. W. 1066, and other similar cases, to the effect that where plaintiff's suit is to enjoin a sale of land under execution and judgment to which he is not a party, such suit may be brought in the county where the land lies instead of the county where the judgment was obtained, would prevail; but there is a clear distinction made by the courts between an order of sale and an execution in such cases. As said by Mr. Justice Hobby, in Van Ratliff v. Call, supra:

"There can be no doubt that where the execution of the judgment generally is sought to be prevented, or where the writ is granted to stay (that is, to stop) the execution of a judgment, the statute is imperative and is susceptible of but one construction (that is, that the writ shall be returned or the suit brought in the county where the judgment was rendered)."

In the instant case, however, there is nothing in the petition or application for injunction showing any reasonable excuse for not presenting the same to the district judge of Hunt county, for which reason also it seems that the writ was improperly issued, as our statute (article 4643, § 3) provides, among other things, that:

"No district judge shall have the power to grant any writ of injunction returnable to any other court than his own, unless the application or petition therefor shall state that the resident judge, that is, the judge in whose district the suit is, or is to be brought, is absent from his district, or is sick and unable to hear or act upon the application, or is inaccessible, or unless such resident judge shall have refused to hear or act upon such application for the writ of injunction, or unless such judge is disqualified to hear or act upon the application," etc., which facts must be fully set out in the application for the writ or in the affidavit accompanying it.

Without intimating any opinion as to the correctness of the judgment of the trial court in its rulings upon the exceptions presented, which are challenged by the several assignments of error, yet, for the reasons indicated, we hold that said court had no jurisdiction of said cause, for which reason we have concluded that its judgment should be reversed and remanded, with instructions to dismiss the case, the costs of this court being taxed against appellant; without prejudice, however, to his right, if any he has, to institute another suit.

Reversed and remanded, with instructions.