MARSHALL et al. v. SPILLER. (No. 5641.)

(Court of Civil Appeals of Texas. San Antonio. March 8, 1916.)

1. INJUNCTION &=148(1)—BONDS.

The issuance of a temporary injunction in a suit to restrain the sale of horses and cattle levied on under an execution, without requiring a bond, was null and void.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 323–330, 333; Dec. Dig. &= 148(1).]

2. COURTS &=480(3)—JURISDICTION—INJUNCTION—RETURN.

In such suit, where it appeared that the judgment on which execution was levied was obtained in another county, the temporary writ of injunction, if legally granted, should, under Rev. St. art. 4653, have been returnable to the county court of such other county.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1273; Dec. Dig. &=480(3).]

Appeal from Menard County Court; J. D. Scruggs, Judge.

Suit by Ida S. Marshall and others against R. H. Spiller. Suit dismissed, and plaintiffs appeal. Proceedings annulled and set aside, and cause dismissed.

M. W. Shelley, of Menard, and W. E. Taylor, of San Angelo, for appellants. Wright & Harris, of San Angelo, for appellee.

FLY, C. J. Appellants brought this suit, alleging that appellee as sheriff of Menard county had levied on certain horses and cattle under an execution issued under a judgment against G. W. Marshall, husband of Ida S. Marshall; that the live stock was the separate property of said Ida S. Marshall, and an injunction was prayed for to restrain the sale of the horses and cattle. A temporary injunction was issued, no bond being required of appellants.

Appellee excepted to the petition on the ground that the cattle had been seized by virtue of an order of sale issued out of another county, and the court had no authority to enjoin the order of sale, and it was answered that a judgment was obtained in Tom Green county against G. W. Marshall foreclosing a mortgage on the stock of horses and cattle. The writ of injunction was issued by the county judge of Menard county, the same being made returnable to the county court of that county. He afterwards heard the case and dismissed it because no bond had been filed.

[1] The whole proceeding was null and void. The temporary writ of injunction should not have been granted without a bond being required. Downes v. Monroe, 42 Tex. 307; Nicholson v. Campbell, 15 Tex. Civ. App. 317, 40 S. W. 167; Pierson v. Connellee, 145 S. W. 1039.

[2] If the temporary writ had been legally granted, it should have been made returnable to the county court of Tom Green county. Rev. Stats. art. 4653; Seligson v. Collins, 64 Tex. 315; Smith v. Morgan, 28 Tex. Civ. App. 245, 67 S. W. 919; Broocks v. Lee, 50 Tex. Civ. App. 604, 110 S. W. 756; Godfrey v. Lackey, 129 S. W. 1145; Brown v. Fleming, 178 S. W. 964; Thallman v. Buckholts State Bank, 181 S. W. 791, decided recently by this court, and not yet officially published.

All the proceedings are hereby annulled and set aside, and the cause is dismissed.