GRIFFITH v. STATE ex rel. AINSWORTH.
(No. 991.)

(Court of Civil Appeals of Texas. El Paso. March 13, 1919.)

1. INJUNCTION ⬤⟿150—RESTRAINING ORDER—NATURE.

In a proceeding in the nature of a quo warranto to oust a county judge, an order fixing date for hearing and temporarily restraining the respondent from receiving a warrant or salary *held* to be a temporary injunction, as distinguished from temporary restraining order, effective only until a time during which it has life is fixed by the judge's fiat.

2. APPEAL AND ERROR ⬤⟿71(3), 920(3)—JURISDICTION OF APPEAL—INJUNCTION—NECESSITY OF ANSWER.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4644, giving right of appeal to any party to any civil suit wherein temporary injunction may be granted, and article 4645, relating to briefs and hearing on appeals, and article 4663, providing that defendant to an injunction may answer as in other civil suits, the allegations of the petition are taken as true upon review, and it is not essential to the jurisdiction of the appellate court that an answer to the merits should have been filed.

3. INJUNCTION ⬤⟿148(1)—VALIDITY—BOND.

A temporary injunction issued as directed without a bond is void.

Appeal from District Court, Upton County; James Cornell, Judge.

Proceeding in the nature of a quo warranto by the State, on the relation of L. W. Ainsworth, petitioner, against H. B. Griffith, seeking to oust respondent from the office of county judge of Upton county and to install relator in said office. From a judgment granting a temporary injunction, the respondent appeals. Temporary injunction dissolved.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellant.

R. D. Blaydes and Howell Johnson, both of Ft. Stockton, and Wright & Harris, of San Angelo, for appellee.

WALTHALL, J. L. W. Ainsworth, on January 14, 1919, through his attorneys, presented to Hon. James Cornell, district judge of the Eighty-Third judicial district, Embracing Upton county, a petition for a temporary writ of injunction. The petition was signed by the district attorney of the Eighty-Third judicial district, and duly verified by appellee as relator, and asking leave to file an information in the nature of a quo warranto against H. B. Griffith, appellant, as defendant, seeking to oust appellant from the office of county judge of Upton county and to install in said office relator, Ainsworth.

The petition alleged, in substance, that at the primary election preceding the general election in 1918 relator and appellant were candidates for the office of county judge of Upton county; that relator, having received a majority of the votes cast, was duly declared the nominee of the Democratic party for said office, and that after said primary election appellant was no longer a candidate, and his name was not upon the ticket at the general election; that at the general election held in Upton county on the 5th day of November, 1918, relator was duly elected to the office of county judge of Upton county, and that by reason of said election he was authorized and entitled to hold and enjoy said office for a term of two years from and after December 1, 1918, alleging the emoluments of said office to be the sum of $2,000 during said term; that by virtue of his election as county judge he also became ex officio superintendent of public instruction for Upton county, and that he has at all times been willing and ready to qualify as such officer by executing the bond and taking the oath of office required by law; that the county of Upton pays a salary to the county judge, as such judge and ex officio superintendent of public instruction, of $900 per annum, payable quarterly in the sum of $225 per quarter, which quarterly payment is made on the second Monday in February, 1919, and every three months thereafter.

Appellee further alleges that at the November election in 1916 appellant was elected and duly qualified as county judge of Upton county, and as such county judge was entitled to hold said office until the 1st day of December, 1918; that on the 11th day of November, 1918, appellant, as county judge, and two county commissioners, naming them, met at the county courthouse for the purpose of canvassing the returns of the said general election, and made and entered upon the minutes of the commissioners' court the following order: ·

"On this day came on to be canvassed the returns of the general election held on the 5th day of November, A. D. 1918, and it appearing to the court that said returns are insufficient as there has been no certificate made to said re-

turns by the judges and clerks of said election, and it appearing to the court that an election has been held in only one precinct in said county, and that the returns thereof were insufficient, it is therefore ordered by the court that said election be held for nought, and that the several county officers of said county, who are now duly qualified, remain in their respective offices until a successor be duly elected and qualified."

Relator further alleged that it was true, as stated in the said order, that an election was held only in one precinct in said county, and at which precinct relator received all the votes cast, to wit, nine; that by reason of the premises relator was entitled to receive a certificate from the proper officer showing his election to said office, and has at all times been ready and willing to qualify by executing a bond and taking the oath of office required by law; but, on the contrary, the commissioners' court of Upton county, Tex., entered the order hereinbefore set forth, whereby the said Griffith still continues illegally and wrongfully to hold the office of county judge of Upton county, exercising its powers and enjoying and receiving the profits and emoluments thereof and thereto pertaining.

As a basis for a temporary injunction prayed for the petition alleges that Griffith is insolvent. Upon the presentation of said petition the judge entered the following order thereon:

"The above and foregoing petition, verified as shown, was presented to me on January 14, 1919, and I hereby set down for hearing the matter of issuing the restraining order as therein prayed for, and I hereby set such hearing for Saturday, January 25, 1919, at Upland, in Upton county, Tex., at the courthouse, at 3 o'clock p. m., but will, in the event of an agreement between relator, Ainsworth, and defendant, Griffith, have such hearing at the courthouse in San Angelo, Tex. Under the facts stated in the petition the defendant, Griffith, would not receive any warrant or salary prior to the second Monday in February, 1919, but, since it is possible that a hearing may not be had prior to that time, upon the application of the relator for an injunction, the defendant, Griffith, is hereby temporarily restrained from receiving from the county clerk of Upton county, Tex., or from any one, any warrants, script, or any kind of order for salary as county judge of Upton county, Tex., or as ex officio superintendent of public schools of said Upton county, Tex., and is so temporarily restrained from receiving salary as the holder of either of said offices in any form from any one, and the county clerk of Upton county, Tex., is hereby instructed and directed to issue an order directed to said H. B. Griffith in accordance with the terms of this fiat. Signed at Ft. Stockton, Tex., this January 14, 1919," and signed by the judge.

No bond or notice was required of relator, and none was given. Appellant filed no answer, and no action further than to make said order is shown to have been taken by the district judge. Late in the afternoon of the 25th day of January, 1919, the judge not appearing, the appellant filed with the clerk of the district court of Upton county his appeal bond, appealing from the order of the court granting the injunction.

Appellee filed a motion in this court to dismiss the appeal: First, because the order of the court is a temporary restraining order, and not a temporary injunction; and, second, because the appeal was perfected without having filed an answer, and without answer filed this court is without jurisdiction to dissolve the injunctive order.

[1, 2] Appellee prayed for a writ of injunction, and the judge recites in his order that he sets for hearing the matter as therein prayed for, and orders that, as a hearing may not be had at the time the hearing is set, appellant is by the order temporarily restrained from drawing the salary, the matter complained of, but fixed no further time for a hearing in the event the hearing is not had at 3 o'clock on the 25th of January; nor does the judge in the injunctive order granted place any limitation or restriction as to the time of its operation. It is not clear from the judge's fiat, from which the character of the injunctive order must be determined, that the order was to operate only until a hearing was had, at a fixed time or at a time to be definitely fixed. If the order is to be regarded as a restraining order merely, it had no life after 3 o'clock January 25, 1919, the time set for the hearing. Ex parte Andrew Zuccaro, 106 Tex. 197, 163 S. W. 579, Ann. Cas. 1917B, 121. We think the order entered might well be considered a temporary injunction as distinguished from a temporary restraining order effective only until a time during which it has life as fixed in the judge's fiat. Is it essential to the jurisdiction of this court on appeal that an answer to the merits should have been filed by appellant in the court below? It is insisted by appellee that articles 4644 and 4645, Vernon's Sayles' Statutes, must be so construed. We do not concur in that view. Article 4644, Vernon's Sayles' Statutes, gives the right of appeal to any party to any civil suit wherein a temporary injunction may be granted, and the right is not conditioned on the filing of an answer to the merits of the case; nor is the jurisdiction of the appellate court made to depend on the filing of an answer. Article 4645 has reference to proceedings on appeal; that is, it is not necessary to brief as in other appeals; the case is heard on the bill and answer, etc. Article 4663 provides that the defendant to an injunction may answer as in other civil suits, that is, at term time; but, should appellant seek to dissolve the injunction granted, we think in whatever court the motion may be presented, in considering such motion, the allegations of the petition are taken as true. A motion interposed before answer is in the

nature of a demurrer, by which, for purposes of the motion, the truth of the allegations in the petition are admitted. Such seems to be the general rule, and we think our statutes conform thereto. Young v. Grundy, 6 Cranch, 51, 3 L. Ed. 149; Pocahontas Coke Co. v. Powhatan Coal & C. Co., 60 W. Va. 508, 56 S. E. 264, 10 L. R. A. (N. S.) 268, 116 Am. St. Rep. 901, 9 Ann. Cas. 667; Ruling Case Law, vol. 14, p. 466. The motion is overruled.

[3] Having concluded that the order of the district judge granted and directed the issuance of a temporary injunction, and without requiring the execution of a bond, and the issuance of the writ as directed, and without bond, it necessarily follows that the injunction proceeding is void. Marshall v. Spiller, 184 S. W. 285; H. I. & B. Co. v. Clint, 159 S. W. 416; Paine v. Carpenter, 51 Tex. Civ. App. 191, 111 S. W. 432.

We need not discuss other questions presented.

For reasons stated, the temporary injunction granted is now here dissolved.