**THACHER MEDICINE CO., Inc., v.
TRAMMELL.  (No. 8736.)**

(Court of Civil Appeals of Texas. Galveston.
Dec. 16, 1925.)

**1. Pleading ⬠110—Motion to dissolve tempo-
rary injunction from enforcing judgment se-
cured in another county does not waive plea
of privilege.**

In suit to enjoin enforcement of judgment
secured in another county, defendant's motion,
challenging jurisdiction of court, under Rev. St.
1911, art. 1830, subd. 17, *held* not to waive plea
of privilege or submit to jurisdiction of court.

**2. Injunction ⬠111—Suit to restrain execu-
tion of justice court judgment must be
brought in county where judgment is ren-
dered.**

Suit to restrain execution of justice court
judgment must be brought in county in which
judgment was issued, in view of Rev. St. 1911,
art. 1830, subd. 17, and not under article 4653,
in some other county where execution is had.

**3. Justices of the peace ⬠128(1)—Execution
of judgment valid on its face cannot be en-
joined in district court of another county.**

Although execution of void judgments may
be enjoined by district court of other counties,
justice court judgment which appears valid on
its face cannot be enjoined by district court of
county other than that in which it was issued,
on ground that plea of privilege in justice court
was erroneously overruled.

Appeal from District Court, Brazoria Coun-
ty; M. S. Munson, Judge.

Suit by H. L. Trammell against the Thach-
er Medicine Company, Inc. From a judgment
overruling his plea of privilege, defendant
appeals. Reversed and rendered.

C. Huggins, of Sherman, for appellant.
Rucks & Enlow, of Angleton, for appellee.

LANE, J. This suit was brought by appel-
lee, H. L. Trammell, in the district court of
Brazoria county, Tex., against Thacher Medi-
cine Company, praying for a temporary in-
junction to restrain Thacher Medicine Com-
pany and L. R. Johnson, sheriff of Brazoria
county, Tex., from the execution of a cer-
tain judgment rendered in the justice court
of precinct No. 1, of Grayson county, Tex., in
favor of Thacher Medicine Company against
appellee, H. L. Trammell, for the sum of $69.-
60, and that upon final hearing said injunc-
tion be made final.

The application for the temporary injunc-
tion was presented to the judge of the district
court of Brazoria county on the 28th day of
April, 1923, and on the same day the tem-
porary injunction as prayed for was granted;
but the petition was not filed until the 7th
day of May, 1923. The grounds alleged for
the issuance of the injunction are that the
justice court judgment was and is void, in

that H. L. Trammell, the defendant in the
suit, was a resident citizen of Brazoria coun-
ty, Tex., at the time of the institution of the
suit in Grayson county, and has been such
resident citizen of said county at all times
since such time; that he did not reside in
precinct No. 1 of Grayson county, Tex., at
any time; that upon being served with cita-
tion in said suit he duly filed his plea of priv-
ilege, claiming and demanding his right to be
sued in the county and precinct of his resi-
dence. He alleged upon information and be-
lief that no controverting affidavit was filed
to his plea of privilege, but, if such affidavit
was filed, he had no notice of such filing;
that his plea of privilege was in all respects
as the law requires, and was proof upon its
face that said justice court of Grayson coun-
ty had no authority to hear or to try or to
render judgment in said suit; that such plea
was prima facie proof of his right to a change
of venue; that his attorney made two writ-
ten demands upon the justice of the peace
of precinct No. 1, of Grayson county, asking
him to inform him whether or not any con-
troverting plea had been filed in the cause,
to which demands said justice made no reply;
that on the 26th day of March, 1923, judg-
ment was rendered against him in favor of
Thacher Medicine Company in said justice
court; that he had no notice that judgment
had been rendered against him in such suit
until an execution issued upon the same had
been placed in the hands of L. R. Johnson,
sheriff of Brazoria county, Tex.; that by rea-
son of the facts stated the judgment so ren-
dered against him was wholly void and of no
force and effect; that L. R. Johnson, sheriff,
has in his hand an alias execution issued up-
on the judgment so rendered against him, and
is threatening to execute the same by levy-
ing upon property owned by plaintiff, and to
sell the same to satisfy said writ of execu-
tion. His final prayer is that defendants be
restrained from executing the writ of execu-
tion now in the hands of Sheriff Johnson, or
any other writs of execution issued upon the
justice court judgment.

On the 14th day of June, 1923, Thacher
Medicine Company filed a plea, designated or
called in the record a plea of privilege, which
is as follows:

"Now comes the Thacher Medicine Company,
Inc., a corporation, one of the defendants in the
above-entitled cause, and says that this court
ought not to have or take further action or
cognizance of this suit than to have the same
transferred to the district court of Grayson
county, Tex., because it says that the justice
court judgment sought to be enjoined by the
plaintiff, was recovered in Grayson county,
Tex., as is shown by the transcript of judgment
attached hereto and marked Exhibit A; that
this is a suit to enjoin the execution of said
Grayson county judgment; that this is a direct
attack upon said judgment, to vacate and en-
join the execution thereof; and that such suit

should be brought only in the county in which said judgment was rendered, or in which such suit was pending, as is shown by subdivision 17 of article 1830 of the Revised Civil Statutes of this state. Wherefore defendant prays that said cause be transferred to the district court of the Fifteenth judicial district of Texas, located in the city of Sherman, Grayson county, Tex.; that Hon. Silas Hare is the duly qualified and acting judge of said district court of Grayson county, Fifteenth judicial district of Texas."

This plea was properly sworn to, and had attached to it a certified copy of the judgment rendered in the justice court of Grayson county, which is as follows:

"Now on this the 26th day of March, 1923, came to be heard the above-entitled cause, and the plaintiff appeared and announced ready for trial, but the defendant, though duly and legally cited to appear, came not, but wholly defaulted. And it appearing to the court that the plaintiff's cause of action is liquidated and proven by an itemized and verified account and an order signed by defendants, providing for payment at Sherman, Tex., and for reasonable attorney's fees if placed with an attorney for collection, and that there is now due thereon the sum of $69.60, including interest to date, and attorney's fees of $15.60, which the court finds to be reasonable. It is therefore ordered, adjudged, and decreed that the plaintiff Thacher Medicine Company, Inc., a corporation, do have and recover of and from the defendant, H. L. Trammell, the sum of $69.60, with interest from this date at the rate of 6 per cent. per annum, and all costs in this suit expended, for which let execution issue."

On the 21st day of September, 1923, appellee, Trammell, contested appellant's plea upon two alleged grounds: First, because L. R. Johnson, one of the defendants, resides in Brazoria county, Tex., where this suit was pending, and therefore the district court had jurisdiction of and venue to hear and determine the suit; and, second, because the judgment rendered in Grayson was and is void, and in such circumstances subdivision 17 of article 1830 of the Revised Civil Statutes of Texas has no application.

On the 21st day of September, 1923, before its plea of privilege was disposed of, Thacher Medicine Company filed its motion to dissolve the temporary injunction granted upon the plaintiff's application, upon two grounds: First, because there is nothing to show that the judgment rendered in the justice court of Grayson county is void; and, second, because the judgment sought to be enjoined does not show on its face that it is void, and therefore the district court of Brazoria county had no authority to grant an injunction to restrain the execution of the judgment, it being rendered in Grayson county; that by subdivision 17 of article 1830 of the Revised Civil Statutes of Texas it is provided that, when the suit is brought to enjoin the execution of a judgment, such suit shall be brought in the county in which such judgment was rendered.

After the Medicine Company had filed its motion to dissolve the temporary restraining order, theretofore ordered, appellee, Trammell, filed his plea asking the court to overrule all of the Medicine Company's pleas, in that said company had submitted to the jurisdiction of the court by filing its motion to dissolve the injunction. On the 30th day of September, 1924, the court overruled what is called the plea of privilege of the defendants. From the judgment overruling such plea, and refusing to transfer the case to the district court of Grayson county, the Medicine Company has appealed.

As a conclusion of law, the court recites that, by reason of appellant having filed its motion to dissolve the temporary restraining order of April 28, 1923, in which motion it prayed for cost and general relief, it submitted to the jurisdiction of the district court of Brazoria county, and thereby waived its plea of privilege. This is the sole ground given for overruling the plea of privilege.

[1] Appellant's first contention is that the court erred in overruling its plea of privilege, upon the grounds that it had waived such plea by filing its motion to dissolve the temporary injunction before said plea of privilege had been disposed of. We sustain appellant's contention.

The plea, first filed, whether called a plea of privilege or a plea challenging the authority of the district court of Brazoria county, was filed prior to the filing of the motion to dissolve the temporary injunction. As we think, the second plea could in no sense be construed as a plea submitting to the jurisdiction of the court, for it shows on its face that it is, as the first, a challenge of the authority of any court, other than the district court of Grayson county, to grant an injunction to restrain the execution of the judgment which was rendered in Grayson county.

It is well settled that a judgment creditor does not waive his plea to the venue of a suit brought by the judgment debtor, in violation of subdivision 17 of article 1830, Revised Civil Statutes of this state, in a county other than that in which the judgment was rendered, to enjoin the service of an execution issued upon such judgment by the court which rendered the judgment, by appearing and seeking to have the temporary writ issued dissolved in the same cause in which such writ was granted. Aleman v. Gonzales (Tex. Civ. App.) 246 S. W. 726. Broocks v. Lee, 50 Tex. Civ. App. 604, 110 S. W. 756; Adoue v. Wettermark (Tex. Civ. App.) 55 S. W. 511. In McClintic v. Brown (Tex. Civ. App.) 212 S. W. 540, it is said:

"We conclude, from this case and others of similar import, because we believe the conclusion to be in harmony with sound reasoning and with the spirit of the statutes relating to venue and pleas of privilege, that it is not prerequi-

site that a defendant, in order to retain the benefit of his plea of privilege, state in so many words that the subsequent plea to the merits is subject to his plea of privilege. If the pleading as a whole conclusively shows that the defendant does not intend to waive, but, on the other hand, insists upon his plea of privilege urged, no waiver should be held because he did not specifically state that his plea to the merits was subject to his plea of privilege being overruled."

Both of the pleas of appellant show on their faces that they were intended as, and in fact were, pleas to the venue of the suit, as such venue is fixed by subdivision 17 of article 1830, and were challenges of the authority of the court of Brazoria county to maintain the suit as brought, and were in no sense pleas of personal privilege to be sued in the county of one's residence. The sole purpose of such pleas was to have the suit transferred for final disposition to the district court of Grayson county, the county in which the judgment sought to be enjoined was rendered. Neither of such pleas was in any sense a plea to the merits of the suit. So far as shown, the motion to dissolve was never presented to the court for its decision. It was merely filed, and it by no means invoked the action of the court, so as to submit appellant to the jurisdiction of the court.

[2] Appellant also insists that the court erred in overruling its plea of privilege, in that by subdivision 17 of article 1830 of the Revised Civil Statutes of this state the venue of suits brought to restrain the execution of a justice court judgment, such as the present one, is fixed in the county in which the judgment is rendered, and that the benefits of such section may be invoked either by a plea of privilege, by motion, or by special exception. The contention of appellant is sustained.

Chapter 4 of our Civil Statutes, which embraces articles 1830 to 1834, inclusive, pertains to fixing the venue of suits of various classes, and prescribes no form for a plea of privilege of one to be sued in the county of his residence. By subdivision 17 of article 1830 it is specially provided that, when a suit is brought to enjoin the execution of a judgment, it shall be brought in the county in which such judgment was rendered. By article 4653, under the title "Injunctions," it is provided that writs of injunction granted to stay the execution on a judgment shall be returnable to and tried in the court where such judgment was rendered. This statute is applicable to the present case, in that it has been held that, since the justice courts have not been clothed with power to issue writs of injunction or to determine issues dependent thereon, the seventeenth clause of the general statute on the subject of "Venues" (article 1830), alone applies, and that that clause provides that a suit brought to enjoin the execution of a judgment shall be brought in the county in which such judgment was rendered. Foust v. Warren (Tex. Civ. App.) 72 S. W. 404, Poe v. Ferguson (Tex. Civ. App.) 168 S. W. 459.

[3] While it is well settled that the execution of void judgments may be enjoined by the district court of counties other than that in which such judgment was rendered, it is equally as well settled that all suits brought to restrain the execution of a judgment rendered which is fair on its face cannot be maintained in any court of any county other than the county in which such judgment was rendered; in other words, to justify the issuance of an injunction by the district judge to restrain the execution of the judgment rendered in Grayson county, such judgment must be void, and the invalidity must be shown on its face, or must appear affirmatively from the proceedings resulting in its rendition. Moore v. Vogt (Tex. Civ. App.) 127 S. W. 234; Hendrick v. Cannon, 2 Tex. 259; Cook v. Baldridge, 39 Tex. 250; Broocks v. Lee, 50 Tex. Civ. App. 604, 110 S. W. 756; Meyers v. Hambrick (Tex. Civ. App.) 167 S. W. 34; Hammack v. Schley (Tex. Civ. App.) 186 S. W. 872.

In the present case it is shown that the judgment sought to be enjoined is valid on its face. It recites that the defendant, Trammell, though duly cited, came not, but wholly made default. None of the proceedings of the trial court, which resulted in the rendition of the judgment is shown, except the judgment itself. Nowhere is it made to appear by the proceedings in that suit that the defendant, Trammell, ever filed a plea of privilege, or that, if he did, it was ever presented to the court for his decision; nor is there any allegation in any of appellee's pleas in the present case that his plea of privilege in the Grayson county case was every presented to the justice of the peace of Grayson county, who rendered the judgment sought to be enjoined. If, however, such plea was presented, and was erroneously overruled, and judgment erroneously rendered against him in the justice court, Trammell, against whom it was so rendered, had his right of appeal to the county court of Grayson county for relief. In such cases, an injunction cannot be made to serve the purpose of an appeal, as is attempted in this case. Lyons Bros. Co. v. Corley (Tex. Civ. App.) 135 S. W. 603; Pye v. Wyatt (Tex. Civ. App.) 151 S. W. 1086; Careker v. Dill (Tex. Civ. App.) 140 S. W. 843; Galveston, H. & S. A. Railway Co. v. Ware, 74 Tex. 47, 11 S. W. 918; Texas-Mexican Ry. Co. v. Wright, 88 Tex. 350, 31 S. W. 613, 31 L. R. A. 200; Beer v. Landman, 88 Tex. 457, 31 S. W. 805.

Having reached the conclusions as above expressed, it becomes our duty to reverse the judgment, and to here render judgment for appellant, transferring the cause to the district court of Grayson county, Tex.; and it is so ordered.

Reversed and rendered.