## DUNCAN COFFEE CO. v. WILSON.
### No. 3964.

Court of Civil Appeals of Texas. El Paso.
Feb. 29, 1940.

Rehearing Denied March 28, 1940.

328

S. H. Peak, of Houston, for appellant.
A. T. Folsom, of Wink, for appellee.

WALTHALL, Justice.

This appeal is from an interlocutory order of the County Court of Winkler County granting a temporary writ of injunction. The pertinent facts are substantially as follows:

On May 18, 1939, appellant filed its verified petition in the Harris County Court at Law seeking judgment against appellee, C. E. Wilson, and Hugh Sloan, as partners, alleging a written promise by them as a partnership to pay appellant at Harris County, Texas, a debt due within the jurisdiction of said court, for merchandise sold by appellant to such partnership and delivered to the partnership at ,stores in Wink, Texas, and Hobbs, New Mexico. Sloan timely filed a sworn answer, and 'appellee timely filed his plea of privilege. Appellant timely filed its plea controverting said plea of privilege. The plea of privilege was duly set for hearing.

Subsequent to the setting of the plea of privilege, but prior to the hearing, appellee filed his application for temporary injunction with the County Court of Winkler County seeking to enjoin appellant and another suing in Denton County, Texas, from prosecuting or taking any further action in the trial or prosecution of said cause then pending in the Harris County Court at Law. The County Judge of Winkler County, in whose court the application for injunction was filed, directed that the County Clerk issue the writ on August 3, 1939, enjoining appellant and others as prayed for, as above stated. The injunction was issued without notice or hearing.

Appellant duly answered by sworn denial of every allegation of appellee's petition and duly filed its motion to dissolve the temporary injunction. The court overruled appellant's motion, to which appellant excepted and prosecutes this appeal.

Appellant filed assignments of error and as germane thereto submits six propositions each suggesting error. to the action of the court in issuing the ex parte temporary injunction upon application for injunctive relief to stay proceedings pending in Harris County Court at Law after the latter court had acquired jurisdiction of the subject matter and the parties, without making the writ returnable to the Harris County court where the proceedings enjoined were pending. Without stating the several grounds of error and discussing them severally, they submit: The issuance of the writ is fundamental error; error in issuing the writ upon application seeking only the stay of such proceedings and asking no consolidation, transfer, cross action or other relief, and alleging no fraud; to stay the proceedings without affirmative showing that petitioner had no legal remedy or defense to such pending proceedings; without clear and definite showing that the Harris County court had no jurisdiction of the parties or subject matter; upon application showing only conclusions and matters available as defenses or in abatement or estoppel of pending proceedings.

We will first discuss appellant's first proposition. , The Harris County court had acquired jurisdiction of the subject matter of the suit and of the parties before any proceedings whatever were filed in the Winkler County court, and the record shows the suit was pending in the Harris County court at the time the injunction was issued. Appellee's petition and the injunction writ recite that appellant and the parties defendant in the suit have entered into an unlawful agreement for the prosecution of certain suits against him in Harris and Denton Counties. The Winkler

County court thereupon issued the temporary injunction prayed for restraining appellant and other defendants from further prosecuting or taking any further action in the suits, other than to dismiss same until further order of the Winkler County court, or hearing thereof and set the hearing for the time stated and the place for the hearing in Winkler County, and made the injunction returnable at that time and place.

Article 4656 of the Revised Civil Statutes provides that writs of injunction granted to stay proceedings in a suit or executions on a judgment shall be returnable to and tried in the court where such is pending. While the statute makes other provisions under conditions and circumstances other than here stated, the above is the only statutory provision pertinent to the facts in this record, as the case had not reached a hearing before the appeal.

██ The question presented has often been before the courts, and, as far as we have observed, the courts have uniformly held that the writ of injunction, under circumstances shown here, must be returnable to and tried in the court where the suit is pending. There is no suggestion except as found in appellee's side of the controversy, which we will later state, that the Harris County court was without jurisdiction to hear the case and render judgment, in the event the court should overrule appellee's plea of privilege. Brunson v. Donald, Tex. Civ.App., 3 S.W.2d 596, writ refused; Mann v. Pace, Tex.Civ.App., 58 S.W.2d 1070; Broocks v. Lee, 50 Tex.Civ.App. 604, 110 S.W. 756, writ refused; Switzer v. Smith, Tex.Com.App., 300 S.W. 31, 68 A. L.R. 377, in which the court refers to Article 4656 and says that it is more than a mere venue statute;. it has to do with jurisdiction; its purpose is not the protection of the citizen in his ordinary right to be sued in the county of his domicile, but rather it is a law of comity for the protection of the dignity of our courts. Orderly procedure and proper respect for the courts will require that such attacks upon their' judgments should be made in the court rendering such judgment, rather than in other courts indiscriminately. An attack upon a judgment, to be direct, therefore, must be brought in the court where such judgment was rendered.

In Seligson & Co. v. Collins, 64 Tex. 314, the Supreme Court, in construing this same statute, say: "The statute is imperative—

the writ of injunction must be returned to the court from which the .order of sale issued." See also Leachman v. Capps, 89 Tex. 690, 36 S.W. 250. All the cases hold that the question is jurisdictional.

We have so far discussed the suit here as being purely for injunctive relief and as in no sense ancillary to or in aid of the Harris County suit.

The Winkler County court refused to dissolve the injunction upon appellant's motion, but, as stated, set the case for hearing, and this appeal is prosecuted from the order of that court overruling the motion to dissolve the injunction and prior to the hearing of the matters pleaded by appellee and upon which the injunction was granted.

The question is then presented: "Was the Winkler County court in error upon the whole record in granting the injunction and refusing to dissolve it on the motion?"

There is no statement of facts in the record, and we will consider the question presented from the facts alleged in appellee's petition and the exhibits in the record. C. E. Wilson, as plaintiff, brought the injunction suit in the Winkler County court against Hugh Sloan, Duncan Coffee Company and' Whitson Food Products Company. The petition shows that Sloan resides in Lea County, New Mexico, Whitson Food Products. Company, a corporation, domiciled in Denton County, Texas, and Duncan Coffee Company, a corporation, is domiciled in Harris County, Texas. Sloan is a merchant and is indebted to the other defendants, being indebted to Duncan Coffee Company in the approximate sum of $499.50, and Whitson Food Products Company claims an indebtedness and assumes indebtedness against Sloan of several hundred dollars.

The petition and·exhibits show: that on May 23, 1939, Sloan filed in the United States District Court for the District of New Mexico, his petition in bankruptcy, naming as two of his creditors Duncan Coffee Company and Whitson Food Products Company;· all creditors were notified of such petition, the date of the creditors' meeting to be held; the creditors present and represented, including defendants Duncan Coffee Company and Whitson Food Products Company, accepted a modified proposal of debtor Sloan, and which modified arrangement was confirmed by order of the Referee. Under the arrangement as confirmed, the debtor Sloan was to pay immediately ten per cent of all proven

claims, which amount was fully paid, and should further pay into court, or to the trustee appointed, an additional two and one-half per cent per month until all of said indebtedness is fully paid.

The petition then refers to the agreement in the bankruptcy proceeding and the order confirming the same, and says that defendant Duncan Coffee Company is seeking to prosecute to judgment its said suit in the Harris County Court at Law and alleging therein that plaintiff in this suit, C. E. Wilson, and said Sloan were copartners at the time of the accrual of said indebtedness. Wilson denies any such partnership.

Wilson in his suit alleges an unlawful agreement on the part of defendants to coerce and force him to pay a part of Sloan's indebtedness, and that the suits are not prosecuted in good faith against Sloan, and that the suits are filed at divers points many miles from plaintiff's (Wilson's) residence in Winkler County, and that defendants are endeavoring to have other creditors of Sloan to file suits, which will result in a multiplicity of suits, and that plaintiff has no adequate remedy at law.

Wilson says that the modified arrangement, accepted and confirmed by the referee in bankruptcy provides that any indebtedness which may be due by this plaintiff for the use and benefit of creditors of Sloan shall be collected by the Creditors' Committee appointed by the creditors, wherefore any of the actions against him, Wilson, for the benefit of creditors of Sloan, can be prosecuted only by said creditors committee and not by individual creditors who have accepted the specified arrangement, and if not enforced plaintiff will suffer from a multiplicity of suits and from a double recovery.

In his brief Wilson refers to many cases and particularly to sections of the Chandler Act (52 Stat. 840 [11 U.S.C.A. § 1 et seq.]), and urges with much force that under such provisions the creditors' committee is the only authorized person to prosecute the suit of Duncan Coffee Company and other accepting creditors.

We have concluded, however, that under the record in this case this Court is without jurisdiction to review the matters presented by appellee.

We have also concluded that under the record before us the matters suggested by appellee present purely and simply matters of defense in the Harris County suit; that if the injunction could properly have been issued, which we do not decide, it should have been made returnable to the Harris County court and not the Winkler County court, and that it was error to overrule appellant's motion to dissolve the injunction. The Winkler County suit should have been dismissed, and it is so ordered.